GEORGE FELDER v. THE STATE.

No. 525.   Decided April 19, 1910.

1.—Assault to Murder—Statement of Facts—Questions and Answers.

Where, upon appeal from a conviction of assault to murder, the statement of facts was made up of questions and answers, as per stenographic report, the same could not be considered. There being nothing in the record indicating that this was necessary. Following Essary v. State, 53 Texas Crim. Rep., 596, and other cases.

2.—Same—Argument of Counsel—Requested Charge of Court.

Upon trial of assault with intent to murder, where objection was made to the argument of the district attorney, which was improper but not of such nature as to be within itself sufficient to be cause of reversal, and where no special instructions were requested, there was no error.

Appeal from the District Court of Burleson. Tried below before the Hon. Ed R. Sinks.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. R. Heslep,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Appellant was indicted, tried and convicted of assault with intent to murder and his punishment assessed át two years confinement in the penitentiary.

We find in the record a statement of facts made up of questions and answers, which seem to be a verbatim stenographic report of the evidence, and is not in any respect in compliance with the Act of the Thirtieth Legislature, p. 510, section 5, with reference to statements of facts in criminal cases. We held in the case of Hargrave v. State, 53 Texas Crim. Rep., 147, and in the case of Fox v. State, 53 Texas Crim. Rep., 150, and Essary v. State, 53 Texas Crim. Rep., 596, that under the Act of the Thirtieth Legislature, which provides that on appeal in felony cases so much of the stenographer's report shall be inserted in the statement of facts as is necessary to show what the evidence was, provided that such report shall not be in the form of questions and answers, except when the judge shall deem that order of statement of facts necessary. A statement of facts, therefore, can not be considered when there is nothing in the record indicating that

the trial judge deemed it necessary to an understanding of the case to so make up such statement of facts. We are precluded, therefore, from an examination, under the well settled rules of this court, of many of the questions raised in the record in this case, one of the questions being that the court erred in not submitting the issue of aggravated assault. Without a statement of facts this court would not be advised as to whether this issue was in the case or not.

We find in the record a bill of exceptions taken to the remarks of the district attorney in the trial of the case. In bill of exceptions No. 1 appellant complains that the district attorney used the following language: "The defendant's attorney talks about the bad character of the State's witnesses, but he don't dare to put the defendant's reputation in issue and knows that the State can not do so." The bill of exceptions discloses that the court, when the remark was made, reproved the district attorney and stated that such argument was not proper and instructed the jury to disregard it in their consideration of the case. While the language was improper on the part of the district attorney, we are inclined to hold that in order for the appellant to avail himself of the bill of exceptions to the remarks of the district attorney, he should have requested a special charge on the subject. In the absence of a special charge we can not consider the bill of exceptions.

Bill of exceptions No. 2 is to the language of the district attorney in his closing address in which he stated to the jury the following: "Gentlemen, I do not know what motive prompted the witness Frank Watson . . . in testifying in behalf of the defendant, but I know he has some motive and I have a theory about it and it is this: The defendant must have some time in the past gotten a woman for him." This argument was objected to by counsel because unwarranted by any evidence in the case, and there was nothing in the record that disclosed any friendly relationship existing between Watson and the defendant as indicated by the above remarks. The court upon objection being made admonished the district attorney to keep within the record. The district attorney renewed the remarks and stated that he believed the theory first advanced was correct. Whereupon appellant again objected and the court overruled the same. We think, in the absence of a special instruction requesting the jury not to consider the same, that this bill of exceptions is not in shape to be considered by this court. We think, ordinarily, the practice should obtain that when parties complain of improper remarks upon the part of counsel that not only should counsel except to the remarks, but a charge should be requested that the jury should not consider said remarks, and that in the absence of such requested instruction this court will not consider the bill of exception taken to the remarks of counsel.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*