## George Washington, alias George Foley, v. The State.

### No. 1685.   Decided May 1, 1912.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the defendant was convicted of murder in the first degree and his punishment fixed at life imprisonment, and the evidence, while circumstantial, sustained the conviction, there was no error.

**2.—Same—Race Discrimination—Statement of Facts.**

Where defendant moved to quash the indictment on the ground of race discrimination and also the special venire on the same ground and because the same was not regularly drawn, and the court heard evidence thereon and overruled both motions, and what purported to be a statement of facts of the testimony introduced on these motions was filed after adjournment of the trial court, the same could not be considered on appeal. Following Probest v. State, 60 Texas Crim. Rep., 608.

**3.—Same—One Day's Notice—Copy of Indictment.**

Where the bill of exceptions did not point out the error to the objection that defendant was not served one full day with a proper certified copy of the indictment, and this fact was not certified by the court, there was no error.

**4.—Same—Evidence—Memorandum—Refreshing Memory.**

Where the bill of exceptions did not state the facts to show that error was committed in permitting a State's witness to refresh his memory from a memorandum in his pocketbook, there was no reversible error; besides, there was no error in admitting this testimony.

**5.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not give the voluntary statement of the defendant claimed to have been introduced, or the testimony of the witnesses introduced by the State to contradict it, the same was wholly insufficient and could not be considered on appeal.

**6.—Same—Argument of Counsel.**

Where, upon trial of murder, the State introduced the clothing that the defendant wore when he was arrested, etc., to show that they were the same that he wore on the day of the killing, and the defendant had declined to put them on when on the witness stand, the court ruling that he could not be required to do so, there was no reversible error in the State counsel's comment on this matter; besides, no injury was shown or special charge requested.

**7.—Same—Circumstantial Evidence—Charge of Court.**

Where the court submitted a correct charge on circumstantial evidence and also a requested charge by the defendant on the same subject, there was no error.

**8.—Same—Charge of Court—Express Malice.**

Where, upon trial of murder, it was admitted in the motion for new trial that the evidence showed that the death of the deceased resulted from blows inflicted upon his head with a stone, etc., as charged in the indictment, an objection that the court did not limit the jury to either of the modes of killing charged in the indictment was untenable; the killing as alleged being murder in the first degree.    Article 743, Revised Code Criminal Procedure.

Appeal from the District Court of Lavaca.    Tried below before the Hon. Arthur P. Bagby.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The substance of the State's testimony showed that the deceased was murdered on the way leading from a country store to his farm; that he was killed by some blunt instrument, and that his head was crushed to pulp, and that a rock was found twelve or eighteen inches from his head; that his body was found in his wagon bed some time during the night; that his horses were still partly hitched to the wagon; that during said day the deceased had been to said country store and sold some seed cotton, and was paid the money therefor and had part of it on his person when he left the store; that when his body was found no money was found on it and his purse was empty; that defendant was seen on the afternoon of the day of the killing near and in said store about the time the deceased was there; that he had opportunity to observe that the deceased received money for his cotton; that the defendant was seen also along in the evening of the afternoon on or near the road which leads from the store to the house of the deceased; that the deceased was alone in his wagon at the time he left the store to go home; that on the day of the killing the defendant was seen at the place where he had been picking cotton, but that he left some time during the day and did not return until some time during the early part of the night; that he borrowed fifty cents on the morning of the killing from the party for whom he was picking cotton to buy bread, and that at night when he returned to the place where he had been picking cotton, he had ten

dollars in currency, five dollars in silver and some small change; that a day or two after the killing he left with other negro cotton pickers and went to Sweethome, Lavaca County, and there on the same day took a train for Granger, Texas, where he was arrested about six days after the killing; that he was still wearing the same clothes and shoes with which he had been seen on the day of the killing at said store, and that the clothes had bloodstains on them; that without being asked with reference thereto by the officer who arrested him, he remarked that it was chicken blood; that the defendant was contradicted as to his whereabouts on the afternoon and evening of the day of the killing and the amount of money he received from different parties, etc., etc.

The defendant testified that he was not near or about said store on the day of the killing, but that he left the place where he was picking cotton some time during the afternoon on the day of the killing and tried to get work on some of the neighboring farms, but returned early in the evening to the place where he had been picking cotton; that the blood on his clothes was chicken blood, which he got on them while killing chickens near Granger; that other witnesses for the defense testified that defendant's garments had no blood on them when he was seen shortly after the killing in Lavaca County, some saying that they did not see any blood, and others testified that they would have noticed it if he had blood on his clothes at that time; that he tried to account for the money he was seen with, etc., etc.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted for the murder of Frank Kubena, charged to have been committed September 20, 1911. There are two counts in the indictment. By the first he is properly charged with killing deceased by "striking, bruising and lacerating the head and temple of him, the said Frank Kubena, with a large and heavy stone, and by then and there using other means and instruments upon him, the said Frank Kubena, which said means and instruments are to these grand jurors unknown." The other count charges the killing precisely the same way as the first, but says that appellant killed the deceased while he, appellant, "was unlawfully engaged in the perpetration of robbery." The jury found him guilty of murder in the first degree and fixed his punishment at life imprisonment.

The statement of facts is lengthy, comprising 136 pages of typewriting.

Appellant contends that the evidence is insufficient to sustain the verdict. It would serve no useful purpose and, therefore, it is unnecessary to give a detailed statement of the evidence. We have

carefully read and considered it all and it is our opinion that the evidence is not only ample and full to sustain the conviction, but while circumstantial, it is very satisfactory to us and shows that the jury was clearly justified thereby in convicting the appellant. Besides, the court and jury below heard it all, saw the witnesses and their manner of testifying, and the jury, finding him guilty beyond a reasonable doubt, and the lower court sustaining the conviction, under the circumstances we can not disturb the verdict.

The appellant made a motion to quash the indictment, alleging race prejudice in the selection of the grand jury and in his indictment, alleging that he was a negro charged with killing a white man.

Appellant also made a motion to quash the special venire on the same grounds and also on the ground that the special venire was not drawn for that term of court, but for a previous term. The court, as the record clearly shows, heard evidence on both of these motions and after hearing the evidence overruled them. The record shows no statement of facts whatever on the subject, but there appears with the file in this court what perhaps was intended to show the testimony that was introduced on these motions, but this appears not to have been agreed to by the attorneys in the case, nor approved by the court. The court adjourned for the term on November 21, 1911. This paper was filed in the court below, as shown by the file mark of the clerk of the court below, on December 9, 1911, and in this court on December 23, 1911. Under the circumstances it is the well established law of this State, that such a statement can not be considered by this court for any purpose. Probest v. State, 60 Texas Crim. Rep., 608, and authorities therein cited. We must assume that the judge, after hearing the evidence, found in accordance therewith and that his judgment overruling these motions were clearly sustained by the evidence.

By appellant's first bill of exceptions he shows that after his motions to quash the indictment and the venire were overruled, the court then asked him if he was ready to go to trial and he announced that he was not ready to go to trial, because he had not been served for at least one full day with a properly certified copy of the indictment returned against him in this case, but the court ordered him to trial, to which he excepted. This is in substance the whole of the bill. It is wholly insufficient to show any error. His objection to going to trial because he had not been served one day with the indictment does not prove itself. That is merely his objection. If such was the fact, the bill should have shown it and should have stated it as a fact. As the court ordered him to trial, we must necessarily assume that the court saw as a matter of fact that he had been served more than one day with the indictment. The record shows that the indictment was returned and filed November 6, 1911. The case was not called for trial until November 14, 1911. The bill does not show any error.

By another bill appellant shows that while the State was introducing its testimony and the witness A. J. Kallus was testifying, he was asked by the State how much money he paid the deceased Frank Kubena on the day he was killed. He replied he had a memorandum in his pocket, which was taken from his books the previous day. The appellant objected to this testimony because if the witness had no independent recollection of how much money he paid the deceased, then the books, under proper conditions, would be the best evidence and not his pocket memorandum, and such testimony was irrelevant and immaterial. The court overruled the objections and permitted the witness to testify that he had in his pocket the memorandum of the amount he paid the deceased which was taken from his books the previous day and same showed he had paid deceased $15. The bill is wholly insufficient and does not state a sufficiency of the facts and circumstances to show that any error was committed. If we could look to the record it would doubtless show that he merely referred to the memorandum in his pocket for the purpose of refreshing his recollection and that the memorandum was not introduced in evidence at all, and the bill does not show it was introduced; and that as a matter of fact he testified from his knowledge and recollection after merely refreshing his recollection from the memorandum. In refreshing a witness' recollection the rule is: "It is immaterial that the writing used by witness is not the original writing or memorandum; he may use a copy of it, if it be sufficient to refresh his memory." 11 Ency. of Ev., 131; I. & G. N. R. R. Co. v. Blanton, 63 Texas, 109; R. R. v. Burke, 55 Texas, 323; R. R. v. Turner, 42 Texas Civ. App., 532, 94 S. W. Rep., 214; .R. R. v. Startz, 42 Texas Civ. App., 85, 94 S. W. Rep., 207; Riley v. State, 44 S. W. Rep., 498.

By another bill appellant shows that while the State was making out its case and before it rested, it introduced witnesses for the purpose of contradicting the statements made by the defendant in what is called his voluntary statement made upon his examining trial before an examining magistrate. The appellant objected to this testimony because it did not seek to establish, nor did it establish any material fact or facts, which shows his culpability of the crime charged against him; but on the contrary said contradictions tend to create in the minds of the jury a prejudice against him as to his being untruthful before he had ever testified in the trial of this case, and thus virtually compelling him to take the stand and testify in his own behalf, even after the State had already blackened the testimony he would give in his own behalf, and thus prejudiced the minds of the jury against him. It will be seen that this bill does not give the voluntary statement claimed to have been introduced, nor does it give the testimony of the witness or witnesses introduced by the State to contradict it, and is wholly insufficient to show any error. Section 857, p. 557, and see 1123, p. 732, White's Annotated C. C. P.

By appellant's next bill he shows that while W. T. Bagby, special

prosecutor was closing the argument for the State, he made use of the following line of argument, pointing his finger at defendant, he said: "And today while you were upon the witness stand, George Foley, I handed you the bloodstained pants that bear the blood of Frank Kubena, and asked you to put them on; you declined to do it, you declined to put the shirt and the shoes upon you; they are the very convicting and condemning evidence of your guilt, and you, with that degree of superstition that belongs to your race, declined to put them back upon you for fear of the pointing finger of that man whose life you took on that night for the sum of $15." The appellant objected to this line of argument because it was highly prejudicial to his rights of a fair trial, was improper and the remarks in themselves were inflammatory, and that inasmuch as that the appellant's counsel had instructed the appellant in open court not to put on the clothes at the request of the prosecution, and that the appellant was told by the court that he would not be compelled to put them on; that these remarks were unfair in this—that the argument made it appear that it was a voluntary act of refusal on the part of appellant to put on the clothes to gratify some desire of the prosecution; and this fact the prosecution was endeavoring to use, and did use, as a criminating fact and circumstance against the appellant. The court overruled the objections and let the remarks stay before the jury to which appellant excepted. This bill does not give all the facts that were introduced in evidence which would show the occasion for these remarks, but it does give enough for us to see that the State doubtless produced and introduced in evidence the clothes worn by the appellant at the time it was claimed that he killed the deceased, and that there was thereon blood which was claimed to be the blood of the deceased. The bill further shows that when appellant was requested by the State's attorney, during the trial, to put on these clothes that he declined to do so because his attorney at the time told him not to put them on and the court told him he would not require him to put them on. All this in the presence and hearing of the jury. It occurs to us that the State's attorney was therefore not out of the record and had the right to make the comment, in his argument to the jury, complained of. Eggleston v. State, 59 Texas Crim. Rep., 542; White v. State, 100 S. W. Rep., 941; Tabor v. State, 52 Texas Crim. Rep., 387; Battles v. State, 53 Texas Crim. Rep., 202. Besides, the argument, even if improper, is not shown to be of such a nature under such circumstances as to impair his rights or prejudice his case before the jury. No special charge was asked and refused, telling the jury not to consider it. Hatchell v. State, 47 Texas Crim. Rep., 380; Felder v. State, 59 Texas Crim. Rep., 144, 127 S. W. Rep., 1055; Kennedy v. State, 19 Texas Crim. App., 618; Young v. State, 19 Texas Crim. App., 536; Lancaster v. State, 36 Texas Crim. Rep., 16; Dies v. State, 56 Texas Crim. Rep., 32; Rahm v. State, 30 Texas Crim. App., 310; Gorello v. State, 31 Texas Crim. Rep., 56; Vann

v. State, 48 Texas Crim. Rep., 11; Wright v. State, 37 Texas Crim. Rep., 146; Franklin v. State, 38 Texas Crim. Rep., 346.

The charge of the court on circumstantial evidence, if subject to any criticism, as complained in appellant's motion for new trial, was clearly corrected by the court's giving to the jury the special charge of appellant on that subject.

The only other complaint of appellant necessary to be noticed is to the charge of the court, shown by the eleventh ground of his motion for new trial. In this he recites the charging part of the allegations in the two counts of the indictment shown above in the statement of the case. The substance of appellant's complaint is that the court nowhere, in his charge, limits the jury to either of the modes charged in the indictment. The charge of the court may be inartistically drawn. But, as specifically stated by appellant in this ground of his motion: "The undisputed proof showed under these allegations that the death of Frank Kubena was brought about, and was the result of blows inflicted upon the head and temple of him the said Frank Kubena with a stone which bruised and lacerated the head of said Frank Kubena as charged in the indictment."

We have carefully, as stated above, gone over the testimony in this case and this statement by appellant as to the mode of the killing of the deceased is unquestionably so shown by the undisputed proof; and all the facts, without doubt, show that if the appellant was the party who did the killing that it was murder in the first degree whether committed in the perpetration of robbery or not. So that the appellant was not and could not have been injured on the ground complained of. Art. 743 (new) C. C. P.

The judgment will be affirmed.

*Affirmed.*