GUY CLAUSSEN v. THE STATE.

No. 2454. Decided May 14, 1913.

Rehearing denied June 4, 1913.

**1.—Burglary—Bill of Exceptions.**

Where it appeared from the record on appeal that the bills of exception were filed within time, there was no error in overruling a motion to strike out.

**2.—Same—Statement of Facts—Sufficiency of the Evidence.**

Where the statement of facts was not made out according to law, the same will be stricken from the record; however, even if the same be considered, the evidence was sufficient to sustain the conviction.

**3.—Same—Jury and Jury Law—Bill of Exceptions.**

Where defendant complained that he did not get a fair and impartial jury out of the talesmen which were summoned to fill up the regular jury, but there was no showing that the sheriff did not exercise proper diligence to procure the talesmen, there was no error.

**4.—Same—Misconduct of Jury.**

Upon trial of burglary, there was no error in overruling a motion for new trial on account of the misconduct of the jury because they had discussed the testimony of State's witnesses and reached the conclusion that these as well as the defendant were guilty.

**5.—Same—Continuance—Want of Diligence—Impeaching Testimony.**

Where, upon trial of burglary, defendant's application for a postponement or continuance on account of absent witnesses showed a want of diligence, and that the absent testimony was of an impeaching character, there was no error in overruling the motion. Following Garrett v. State, 37 Texas Crim. Rep., 198, and other cases.

Appeal from the District Court of Grayson. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. E. Cawthon* and *E. W. Neagle,* for appellant.—On question of misconduct of jury: San Antonio Traction Co. v. Cassanova, 154 S. W. Rep., 1191; Green v. Hill, 4 Texas, 465.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—From a conviction for burglary with the lowest penalty assessed, this appeal is prosecuted.

The Assistant Attorney-General has made a motion to strike out the bills of exception because not filed within the time allowed by law, nor the order of the lower court. As the record stood at the time this motion was made it was well taken, but since then the appellant has furnished and filed as a part of the record an order made by the lower court extending the time for filing the bills of exception. The bills were filed within the time allowed. That portion of the motion of the Assistant Attorney-General is, therefore, denied.

The Assistant Attorney-General has also made a motion to strike out the purported statement of facts, because it is not a statement of facts but is the stenographer's report, showing, not only the questions and answers of the respective witnesses, but a good deal of other unnecessary and improper matter to be contained in the statement of facts. This court, as the law now stands, and has since 1907, will strike out and not consider such purported statement of facts, and the said motion to strike out the said purported statement of facts is, therefore, granted. Felder v. State, 59 Texas Crim. Rep., 144, and cases there cited. It is needless to cite other cases.

We will say, however, that we have read the purported statement of facts and if we could consider it, it would clearly show appellant's guilt.

By one bill appellant claims that the court should have given him time to prepare a motion for a continuance, because only fifteen of the sixty veniremen drawn were in attendance upon the court, and claims that he could not get a fair and impartial jury picked up from the streets of Sherman to try this case. The bill is wholly defective in that it does not show that he did not get a fair and impartial jury out of the fifteen regular jurors in attendance. Besides, the court, in allowing his

bill, states that "the sheriff's return showed that while sixty jurors were drawn from the wheel, fifteen were present and the remaining forty-five were either excused by the court for legal cause or not found after diligent search for them by the sheriff. And no evidence whatever was offered to show that the sheriff had not exercised proper diligence to procure said jurors, nor was any evidence offered to show that the talesmen would be picked up from the streets of Sherman, or were picked up from the streets." This presents no error.

His next bill complains of the misconduct of two of the jurors in that they discussed the State's witnesses who testified. The court qualified this bill by stating "that one of the jurors on the motion for new trial testified that when he first went out to consider the verdict he was not satisfied and was for acquittal; that they discussed the testimony of the witnesses and some one of the jurors remarked that he believed that Guy Claussen, the defendant, was guilty and that the witnesses Henry Williams and Hagerman, who testified, were also guilty and that this statement influenced him; that he believed that the defendant and the others, too, were all guilty." The law makes the jury the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony. It is, therefore, important and clearly within their duty for them to discuss these questions when considering the case and the witnesses discussed were State's witnesses and such discussion was adverse to them and to the State. This bill presents no error.

The only other bill appellant has is to the refusal of the court to postpone the case in order that he might procure the attendance of some other witnesses which he had just a day before had subpoenaed to attend that day. The bill shows that the attendance of these witnesses was sought solely for the purpose of impeaching the State's witnesses. The court, in allowing the bill, qualified it by stating that appellant's application for the witnesses was not filed until the day the case was set for trial and a subpoena was immediately issued for said witnesses and a return made thereon, and the court stated to counsel for appellant that he would issue attachment for the witnesses named and proceed with the trial, which was done. The diligence shown was wholly insufficient. Besides, even if his diligence had been sufficient, where the testimony sought could only be available to impeach the State's witnesses, the continuance was properly refused. Garrett v. State, 37 Texas Crim. Rep., 198; Rogers v. State, 36 Texas Crim. Rep., 563. A continuance will not be granted to obtain impeaching evidence. Butts v. State, 35 Texas Crim. Rep., 364; Franklin v. State, 34 Texas Crim. Rep., 203; Bolton v. State, 43 S. W. Rep., 1010. No error is shown.

The judgment will be affirmed.

*Affirmed.*

[Rehearing denied June 4, 1913.—Reporter.]