## CLAUSSEN v. STATE.

(Court of Criminal Appeals of Texas. May 14, 1913. Rehearing Denied June 4, 1913.)

1. CRIMINAL LAW (§ 1102*)—APPEAL—STATEMENT OF FACTS.

A purported statement of facts consisting of the stenographer's report, showing not only the questions and answers of the witnesses but other unnecessary matter, will be stricken out on motion.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1102.*]

2. CRIMINAL LAW (§ 605*)—CONTINUANCE—TIME TO PREPARE MOTION—DENIAL.

On a bill of exceptions claiming that the court should have given defendant time to prepare a motion for a continuance because only 15 of the 60 veniremen drawn were in attendance, and that he could not get a fair jury from the streets, there was no showing that defendant did not get a fair trial out of the 15 regular jurors, and it appeared that the remaining 45 were excused by the court or not found after diligent search for them by the sheriff. *Held*, that the denial of time to prepare such motion was not error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1362; Dec. Dig. § 605.*]

3. CRIMINAL LAW (§§ 742, 857*)—PROVINCE OF JURY—CREDIBILITY OF WITNESSES.

The jury is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony, and may properly discuss their testimony in the jury room.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1098, 1138, 1719–1721, 2054, 2055; Dec. Dig. §§ 742, 857.*]

4. CRIMINAL LAW (§ 598*)—CONTINUANCE—DILIGENCE.

On a bill of exceptions showing that defendant's application for witnesses was not filed until the day the case was set for trial, and that a subpœna was immediately issued for them and a return made thereon, and that the court issued attachment for such witnesses and proceeded with the trial, there was no such diligence as entitled a continuance on the ground of their absence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1335–1341; Dec. Dig. § 598.*]

5. CRIMINAL LAW (§ 596*)—CONTINUANCE—IMPEACHING EVIDENCE.

A continuance will not be granted to obtain impeaching evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1328–1330; Dec. Dig. § 596.*]

Appeal from District Court, Grayson County; J. M. Pearson, Judge.

Guy Claussen was convicted of burglary, and he appeals. Affirmed.

J. E. Cawthorn, of Denison, and E. W. Neagle, of Sherman, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. From a conviction for burglary with the lowest penalty assessed, this appeal is prosecuted.

The Assistant Attorney General has made a motion to strike out the bills of exception because not filed within the time allowed by law, nor the order of the lower court. As the record stood at the time this motion was made, it was well taken; but since then the appellant has furnished and filed as a part of the record an order made by the lower court extending the time for filing the bills of exception. The bills were filed within the time allowed. That portion of the motion of the Assistant Attorney General is therefore denied.

[1] The Assistant Attorney General has also made a motion to strike out the purported statement of facts, because it is not a statement of facts but is the stenographer's report, showing not only the questions and answers of the respective witnesses, but a good deal of other unnecessary and improper matter to be contained in the statement of facts. This court, as the law now stands, and has since 1907, will strike out and not consider such purported statement of facts, and the said motion to strike out the said purported statement of facts is therefore granted. Felder v. State, 59 Tex. Cr. R. 144, 127 S. W. 1055, and cases there cited. It is needless to cite other cases. We will say, however, that we have read the purported statement of facts, and, if we could consider it, it would clearly show appellant's guilt.

[2] By one bill appellant claims that the court should have given him time to prepare a motion for a continuance, because only 15 of the 60 veniremen drawn were in attendance upon the court, and claims that he could not get a fair and impartial jury picked up from the streets of Sherman to try this case. The bill is wholly defective in that it does not show that he did not get a fair and impartial jury out of the 15 regular jurors in attendance. Besides, the court, in allowing his bill, states that: "The sheriff's return showed that, while 60 jurors were drawn from the wheel, 15 were present and the remaining 45 were either excused by the court for legal cause or not found after diligent search for them by the sheriff. And no evidence whatever was offered to show that the sheriff had not exercised proper diligence to procure said jurors; nor was any evidence offered to show that the talesmen would be picked up from the streets of Sherman, or were picked up from the streets." This presents no error.

[3] His next bill complains of the misconduct of two of the jurors in that they discussed the state's witnesses who testified. The court qualified this bill by stating: "That one of the jurors on the motion for new trial testified that when he first went out to consider the verdict he was not satisfied and was for acquittal; that they discussed the testimony of the witnesses and some one of the jurors remarked that he believed that Guy Claussen, the defendant, was guilty, and that the witnesses Henry, Williams, and Hagerman, who testified, were also guilty, and that

this statement influenced him; that he believed that the defendant and the others too were all guilty." The law makes the jury the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony. It is therefore important and clearly within their duty for them to discuss these questions when considering the case, and the witnesses discussed were state's witnesses, and such discussion was adverse to them and to the state. This bill presents no error.

[4] The only other bill appellant has is to the refusal of the court to postpone the case in order that he might procure the attendance of some other witnesses which he had just a day before subpœnaed to attend that day. The bill shows that the attendance of these witnesses was sought solely for the purpose of impeaching the state's witnesses. The court, in allowing the bill, qualified it by stating that appellant's application for the witnesses was not filed until the day the case was set for trial, and a subpœna was immediately issued for said witnesses, and a return made thereon, and the court stated to counsel for appellant that he would issue attachment for the witnesses named and proceed with the trial, which was done. The diligence shown was wholly insufficient.

[5] Besides, even if his diligence had been sufficient, where the testimony sought could only be available to impeach the state's witnesses, the continuance was properly refused. Garrett v. State, 37 Tex. Cr. R. 198, 38 S. W. 1017, 39 S. W. 108; Rodgers v. State, 36 Tex. Cr. R. 563, 38 S. W. 184. A continuance will not be granted to obtain impeaching evidence. Butts v. State, 35 Tex. Cr. R. 364, 33 S. W. 866; Franklin v. State, 34 Tex. Cr. R. 203, 29 S. W. 1088; Bolton v. State, 43 S. W. 1010. No error is shown.

The judgment will be affirmed.