M. L. MOONEY v. THE STATE.

No. 3004. Decided February 25, 1914.

**1.—Receiving and Concealing Stolen Cattle—Statement of Facts.**

The duty is placed on the party appealing to reduce the statement of facts to a narrative form without unnecessary repetition, and this court can no longer sanction the filing of a statement of facts in question and answer form, and the same must be stricken out on motion of the State. Following Felder v. State, 59 Texas Crim. Rep., 144.

**2.—Same—Change of Venue—Bill of Exceptions.**

Where the bill of exceptions relating to the action of the court in over-ruling appellant's motion for a change of venue was filed nearly three months after the adjournment of the court for the term, the same can not be considered on appeal. Following Bink v. State, 50 Texas Crim. Rep., 445, and other cases.

**3.—Same—Evidence—Ownership—Brand.**

Where, upon trial of receiving, etc., stolen cattle, the cattle were identified, not only by the brand, but independently thereof, the contention that the best evidence was the record of the brand was untenable.

**4.—Same—Evidence—Defendant as a Witness.**

Upon trial of receiving stolen property, there was no error in permitting a State's witness to testify that he heard the defendant testify in another court and another case that he knew the cattle in question and that they were the property of the alleged owners, and the contention that the stenographer's report of said testimony was the best evidence and that otherwise defendant was compelled to testify against himself was untenable.

**5.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions complaining of the action of the court in admitting a certain subpoena in evidence was so qualified by the court that no objection was raised thereto there was no error.

**6.—Same—Indictment—Knowledge of Defendant.**

Where the indictment for receiving and concealing stolen cattle concluded "knowing the same to have been so acquired," a contention that the indictment did not allege that the defendant knew the cattle were stolen at the time he received them was untenable.

7.—Same—Venue—Charge of Court.

Where the indictment alleged that the cattle were stolen in the county of the prosecution and received and concealed therein by defendant, and the court's charge authorized the conviction of defendant for receiving and concealing the same in another county, the same was reversible error, as the defendant was convicted upon a state of facts which were not admissible in evidence under this indictment.

Appeal from the District Court of Wheeler. Tried below before the Hon. F. P. Greever.

Appeal from a conviction of receiving and concealing stolen property; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*Culp, Small & Templeton,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, Judge.—Appellant was convicted of receiving and concealing stolen cattle, knowing they were stolen at the time he received and concealed them, and his punishment assessed at four years confinement in the State penitentiary.

A statement of facts was filed in question and answer form with the clerk—just as reported by the stenographer. Section 5 of chapter 119 of the Acts of the Thirty-second Legislature provides: "In case an appeal is perfected from the judgment rendered the official shorthand reporter shall transcribe the testimony and other proceedings recorded by him in the form of questions and answers, and shall file the same in the office of the clerk of the court within such reasonable time as may be fixed by the court." Section 6 provides that when this transcribed record in question and answer form shall be filed, the party appealing shall prepare a statement of facts, in succinct manner, without unnecessary repetitions. At one time the law authorized the filing of statement of facts in question and answer form, but this necessitated so much labor on the part of the Appellate Courts, this law was soon repealed, and the duty was placed on the party appealing to reduce the statement of facts to a narrative form, without unnecessary repetitions, and we can no longer sanction the filing of statement of facts in question and answer form. (Felder v. State, 59 Texas Crim. Rep., 144; Hargrave v. State, 53 Texas Crim. Rep., 147; Fox v. State, 53 Texas Crim. Rep., 150; Essary v. State, 53 Texas Crim. Rep., 596; Claussen v. State, 70 Texas Crim. Rep., 607, 157 S. W. Rep., 477.) Therefore' the motion to strike out statement of facts is sustained.

There are several bills of exception in the record, and we must view them from the statements and allegations therein contained, as we have no statement of facts we can consider. The first bill of exceptions relates to the action of the court in overruling appellant's motion for a change of venue. Appellant was tried at a term of court which ended

October 25, 1913. The bill of exceptions relating to this matter was not filed until the 18th day of December, 1913,—nearly three months after the adjournment of the court for the term. Article 634 of the Code of Criminal Procedure provides that this bill must be filed in term time. Cravens v. State, 103 S. W. Rep., 921; Cannon v. State, 59 Texas Crim. Rep., 398, 128 S. W. Rep., 141; Bink v. State, 50 Texas Crim. Rep., 445; Gibson v. State, 53 Texas Crim. Rep., 359; Branch's Crim. Law, sec. 201.

The second bill of exceptions complains that Champ Davis was permitted to testify as to the ownership of certain cattle found in possession of appellant, the contention being that as the brand of these cattle was of record, the best evidence was the record of the brand. Champ Davis did not testify that he knew the cattle by the brand, but independent of the brand. Under such circumstances there was no error in admitting the testimony.

It is also complained that it was error to permit this witness to testify to what he heard appellant testify in a case pending in the Federal Court, wherein appellant swore that he knew the cattle in question was the property of Ed Davis and Champ Davis, and he put them in a certain pasture to keep the owners from finding them, the contention being that the stenographer's report was the best evidence, and that this would be compelling the appellant to testify against himself. As appellant voluntarily took the stand as a witness in the trial of the case in the Federal Court, to permit a witness to testify to what he there stated under oath would not be requiring a defendant to testify against himself. Whatever a person voluntarily stated, when not under arrest, is admissible against him in the trial of a criminal case. That the record made by the stenographer is the best evidence can not be sustained. Any other person who heard the statements can so testify.

In the next bill of exceptions appellant complains of the action of the court in admitting a certain subpoena in evidence. The court in allowing the bill states: "No exception was made by counsel for defendant to the action of the court in admitting the testimony. The only exception reserved was to the remarks of counsel, which objection was sustained by the court." As thus qualified the bill presents no error.

Appellant in this court for the first time attacks the indictment herein. The indictment reads, omitting formal parts: "That M. L. Mooney on or about the first day of November one thousand nine hundred and twelve (1912), and anterior to the presentment of this indictment, in the County of Wheeler and State of Texas, did then and there unlawfully and fraudulently receive from a person to the grand jurors unknown, and did fraudulently conceal certain property, towit: twelve head of cattle, the same then and there being the property of and belonging to E. T. Davis and Champ Davis; which said cattle had been theretofore acquired by another in said county and State, in such manner as that the acquisition thereof comes within the meaning of the term theft and the said M. L. Mooney then and there received and

concealed the said cattle, knowing the same to have been so acquired." The contention is that the indictment does not allege that appellant knew the cattle were stolen at the time he received them. We think the concluding line of the indictment above copied answers this objection, for it is there alleged that he received and concealed the cattle, "knowing the same to have been so acquired"; and had theretofore alleged that they had been acquired by theft from the Messrs. Davis.

However, it will be noticed that the indictment alleges that the cattle were stolen in Wheeler County, and *received and concealed by appellant in Wheeler County*. The court in his charge twice uses language which would authorize his conviction if he received and concealed the cattle in Collingsworth County. In submitting the issue for a finding the court instructed the jury: "Now, if you find and believe from the evidence in this case, beyond a reasonable doubt, that the defendant, M. L. Mooney, in County of Collingsworth and State of Texas, did on or. about November 1, 1912, or within five years prior to filing of indictment herein, receive and conceal the twelve head of cattle, and that said twelve head of cattle had been stolen from E. T. Davis and Champ Davis in Wheeler County, Texas, by some person whose name was to the grand jurors unknown, and that the defendant knew the said twelve head of cattle were acquired by theft, then you will find the defendant guilty as charged in first count in the indictment, and assess his punishment at confinement in the penitentiary for a period of time not less than two years nor more than four years." It will be noticed that the indictment charges not only that the theft took place in Wheeler County, but also that the receiving and concealing by appellant also took place in Wheeler County. Under such allegations would testimony have been admissible that appellant received and concealed cattle in Collingsworth County? We think not, and if not, then the court's charge authorized the conviction of appellant upon a state of facts which would not have been receivable in evidence over objections timely made. If he in fact received the cattle in Collingsworth County this indictment would not bar a prosecution for that offense, for the cattle he is here prosecuted for receiving and concealing are alleged to have been received and concealed by him in Wheeler County. The District Court of Wheeler County would have venue of the offense if it had been alleged that the cattle had been stolen in Wheeler County, carried into Collingsworth County, and there received and concealed by appellant; but the indictment contains no such allegations, and appellant has been convicted in this case upon a state of facts which were not admissible in evidence under this indictment.

The judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*