### Jim Roberts v. The State.

No. 3090.   Decided June 3, 1914.

Rehearing denied June 26, 1914.

**1.—Murder—Statement of Facts—Bills of Exception.**

Where neither the statement of facts nor bills of exception were filed in time in the court below, the contention that the official stenographer could not prepare the papers on account of the sickness of his wife was untenable, as the attorneys should have themselves made out and submitted a statement of facts under the provisions of the law, and in no event could the bills of exception be considered on appeal; besides, if the statement of facts is considered, there is no error. Following Peddy v. State, 63 Texas Crim. Rep., 483.

**2.--Same—Statement of Facts—Delay.**

See opinion for court's comment on the question of delay of attorneys in filing statement of facts.

Appeal from the District Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*Walter Collins* and *Cummings & Shurtliff* and *Williams & Williams,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—This is the second appeal in this case, the opinion on the former appeal being reported in 70 Texas Crim. Rep., 297, 156 S. W. Rep., 651. On this trial appellant was again convicted of murder and his punishment assessed at twenty-five years confinement in the State penitentiary.

Neither the bills of exception nor the statement of facts were filed until after the time allowed by law for such papers to be filed. The verdict in this case was rendered on October 6th. The motion for new trial was overruled on October 24th, while neither the bills of exception nor the statement of facts were filed in the trial court until February 9th,— the time having elapsed when they could be legally filed on January 22nd, even if we do not consider the irregularity in obtaining the orders for extension of time. The stenographer files an affidavit that the reason for the delay in the preparation of the statement of facts was occasioned by the sickness of his wife, and this would perhaps have formed ample justification for us to consider same if section 13 of the stenographers' Act had not provided for the parties to make out a statement of facts independent of the stenographer's notes, as was formerly done. When the time was about to elapse, it was their duty to mandamus the stenographer, or if they did not desire to take that step, then the attorneys should themselves have made out and submitted a statement of facts under the provisions of section 13 of the Act. However, whatever may be said as to the statement of facts, certainly the record before us furnishes no sufficient excuse or reason why the bills of exception were not filed within the time allowed by law. To secure the approval of the judge to bills of exception, and to see that they are filed in time, is made the imperative duty of appellant and his counsel. Riojos v. State, 36 Texas Crim. Rep., 182. The questions here involved were specifically passed on by the Court of Civil Appeals in Smith v. Pecos Valley & N. E. Ry. Co., 43 Texas Civil Appeals, 204, which ruling has always been adhered to in the civil courts, and approved by this court in the case of Peddy v. State, 63 Texas Crim. Rep., 483.

While the stenographer in this case files an affidavit that his wife was sick and needed his attention, yet the affidavit in and of itself shows that the stenographer was able to attend and wait on the court each and every day it was in session from October until February, and if he could leave his wife and wait on the court each day it was in session,

we can not see why her sickness would prevent him from making this record. If her illness had been such that he could not attend and wait on the court when it was in session, there might be some excuse why he could not have made out this record.

However, the length of time assessed against appellant is virtually life imprisonment, and we have read the entire record, and if we were to consider it, we find no grievous error. The testimony is sharply in conflict. Appellant's evidence would make a clear cut case of self-defense from danger as it appeared to him, while the State's evidence is that all wounds were inflicted from the rear. This is the second time this issue has been passed on by the jury, and in each instance the issue of self-defense was fairly presented in the charge of the court as applicable to the evidence.

To consider the record as sent to us, we would have to evade the plain mandates of the law, and this we do not feel authorized to do. It seems the more lenient the law has been made in regard to the filing of statements of facts and bills of exception, the more frequently records come before us we can not consider. Under the old law, when the attorneys had only ten days in which to do this work and the duty devolved upon them, it was seldom indeed the records were not completed in time. Now, the law giving so much time, they get otherwise engaged, rely upon others, and the time is gone before the matter is again taken up.

We regret that the record is in the condition that it is, but under the circumstances we feel impelled under the law to affirm the case.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 26, 1914.—Reporter.]