HARRY SCHAPIRO V. THE STATE.

No. 3176.   Decided June 17, 1914.

Rehearing denied October 14, 1914.

**1.—Occupation Tax—License—Indictment—Words and Phrases.**

Where the word "theretofore" was intended for the word "therefore" in the indictment, this was a mere inadvertence which could not affect the validity of the indictment.   Following Herrington v. State, 73 Texas Crim. Rep., 359.

**2.—Same—Indictment—Precedent—Pawnbroker.**

Where, upon trial of unlawfully pursuing the occupation of a pawnbroker, the indictment followed approved precedent, the same was sufficient,

and it was not necessary to allege that the Commissioners Court entered an order fixing the county tax, or that the defendant loaned money, or the rate of interest he charged and what property he took as a security, etc.

### 3.—Same—Statement of Fact—County Court—Bill of Exceptions.

Where the purported statement of facts was not filed until sixty-three days after the adjournment of the County Court, and the bills of exception, sixty-nine days thereafter, the same must be stricken out on motion of the State. Following Durham v. State, 69 Texas Crim. Rep., 71, and other cases.

### 4.—Same—Definition of Offense—Statutes Construed.

The defendant was correctly prosecuted under article 130, Penal Code, and not under article 641, Penal Code.

Appeal from the County Court of Bexar. Tried below before the Hon. J. R. Davis.

Appeal from a conviction of unlawfully pursuing the occupation of pawnbroker without paying the occupation tax; penalty, a fine of $250.

The opinion states the case.

*Emmett B. Cocke,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—The complaint and information aver that on or about October 19, 1913, appellant, in Bexar county, "did then and there unlawfully engage in, pursue and follow the occupation of a pawnbroker, the said occupation being taxable by law, without first obtaining a license therefor; and the taxes then and there due by him to said State, upon said occupation amounted to $150; and the taxes then and there due by him to said county upon said occupation amounted to $75; the said taxes due the said county having been therefore (theretofore) duly levied by Commissioners Court of said county contrary to the form of the statute." It is certain the word *theretofore* was intended where *therefore* is used above, and the inadvertence can not affect the validity of the pleading. Besides "therefore" could and should be regarded as surplusage. Herrington v. State, 73 Texas Crim. Rep., 359, 166 S. W. Rep., 721, and cases cited.

Article 7355, Revised Civil Statutes, enacts, that there shall be levied on and collected from every person pursuing the occupations named in the following subdivisions of this article an annual occupation tax which shall be paid in advance. Subdivision 23 says: "From every pawnbroker an annual tax of $150." Article 7357 expressly gives the Commissioners Courts of the several counties power to levy for county purposes one-half of the occupation taxes levied by the State. Article 130, Penal Code, makes it an offense for any person to pursue or follow any occupation taxed by law without first obtaining a license therefor, the penalty prescribed being not less than the amount of taxes, nor more than double that sum.

The pleadings follow the statute and are in strict conformity to the

forms laid down by both Judge White and Judge Wilson in their Ann. Code Crim. Proc. So that appellant's motion to quash the pleadings because the same did not contain an allegation that the Commissioners Court of said county had duly entered an order fixing the county tax at one-half that of the State was properly overruled. The pleading did not have to allege that the order was duly entered. Nor was the pleading bad because it is claimed it only alleged conclusions. It alleged the facts. Nor did the pleading have to allege that appellant lent money, received deposits as security for the payment of loans and interest on personal property; nor the rate of interest he charged, what property he took as security, and to whom he made such respective loans. None of this had to be alleged in the pleading. The cases cited by appellant of Crews v. State, 10 Texas Crim. App., 292, and Woolsey v. State, 14 Texas Crim. App., 57, are not in point.

The term of the County Court at which this conviction was had, adjourned February 28, 1914. The statement of facts was not filed until sixty-three days later, and the bills of exception, sixty-nine days after adjournment. The State's motion to strike out and not consider them must, therefore, be sustained. Durham v. State, 69 Texas Crim. Rep., 71, 155 S. W. Rep., 222; DeFriend v. State, 69 Texas Crim. Rep., 329, 153 S. W. Rep., 881; Stephens v. State, 158 S. W. Rep., 531-2; Wilson v. State, 71 Texas Crim. Rep., 547, 160 S. W. Rep., 454; Hampton v. State, 72 Texas Crim. Rep., 189, 161 S. W. Rep., 966; Newsome v. State, 72 Texas Crim. Rep., 453, 162 S. W. Rep., 891; and a great many other cases.

No other question is raised which can be considered in the absence of bills of exception, or statement of facts. The judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 14, 1914.

PRENDERGAST, PRESIDING JUDGE.—Appellant urges that this prosecution can not be maintained on article 130, Penal Code, and articles 7355 and 7357, Rev. Civil Stats., but if maintained at all, it must be under article 641, Penal Code. In this he is clearly wrong. Article 641, Penal Code, is: "If any pawnbroker, or person doing any business as such, shall receive any article in pledge, or sell the same without complying with the laws regulating pawnbrokers in this State, he shall be punished by fine not less than twenty-five dollars nor more than one hundred dollars." This article was based on title 103, articles 6155 et seq. of our Revised Statutes. The Revised Statutes specifically enact what pawnbrokers shall do when they receive an article in pledge and what they shall do when they sell it and this article, 641, makes it an offense if the pawnbroker violates that law in either receiving or selling the pledged article and has no application whatever to the question of the payment of an occupation tax. That is exclusively

regulated by the articles of the Code and Revised Civil Statutes, as shown in the original opinion.

The motion for rehearing is overruled.

*Overruled.*

[Rehearing denied October 14, 1914.—Reporter.]