NEMEYER BELL v. THE STATE.

No. 3226.   Decided October 14, 1914.

1.—Assault to Murder—Bills of Exception.

The statute allows thirty days only after adjournment to file bills of exception without the court making any order to that effect, but authorizes the court to grant a longer time for good cause shown, and where the bills were filed fifty-five days after the adjournment of the District Court, and no such time for filing had been allowed, they will be stricken out on motion of the State; besides, the bills were wholly insufficient.

2.—Same—Charge of Court—Objections.

Where, upon trial of assault to murder, defendant failed to make written objections to the court's charge before it was read to the jury, objections in the motion for new trial will not be considered on appeal.

3.—Same—Sufficiency of the Evidence—Excessive Penalty.

Where, upon trial of assault with intent to murder, the evidence sustained the conviction, a penalty of thirteen years in the penitentiary was not excessive.

4.—Same—Reforming Judgment—Indeterminate Sentence.

Where the court below failed to enter an indeterminate sentence, the same will be reformed on appeal.

Appeal from the District Court of Fort Bend. Tried below before the Hon. Samuel J. Styles.

Appeal from a conviction of assault with intent to murder; penalty, thirteen years imprisonment in the penitentiary.

The opinion states the case.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for an assault with intent to murder and his punishment fixed at thirteen years in the penitentiary.

There appears in the record what purport to be three very meager and insufficient bills of exceptions as to the introduction of evidence. The Assistant Attorney General contends that this court can not consider said bills because they were filed fifty-five days after the adjournment of the court when the court allowed no such time for filing the same. His contention is correct. The statute allows thirty days only after adjournment to file bills of exception without the court making any order to that effect. It authorizes the court to grant a longer time for good cause shown. No longer time was allowed. Hence, neither of the bills can be considered. (C. C. P., 845.) It is needless to cite the many cases of this court uniformly complying with the statute. Besides, each of the bills is so wholly insufficient that neither of them could be considered. Best v. State, 72 Texas Crim. Rep., 201, 164 S. W. Rep., 996. Still further, if they had been filed in time and been sufficient to raise the question, the testimony objected to was admissible.

By the Act of our Legislature, approved April 5, 1913, amending certain articles of our criminal procedure, it requires a defendant to make objections to the court's charge, or an omission therein, before the charge is read to the jury and prohibits this court from reversing a case because of defects in the charge when no such objections were made. Since the passage of that Act this court has uniformly, in many decisions, construed and followed this statute. It is unnecessary to cite them. No exception whatever was made in any way to the charge of the court. However, in the motion for new trial only, appellant complains of a claimed omission in the charge in that court did not submit to the jury whether or not they could suspend the sentence. This does not raise the question in such way that this court can consider it under the statute and decisions.

Appellant also complains in his motion for new trial that the evidence is insufficient to support the verdict. He also claims that the penalty is excessive. We have carefully read the evidence. The State's side of it, by a preponderance, makes an aggravated case. Appellant's victim was his wife. We could not disturb the verdict of the jury on appellant's contention. Neither could we disturb it because of the claim of its being excessive. It has always been held by this court that when the punishment inflicted by the jury is within that prescribed by the Legislature, the jury, and not this court, is to determine his punish-

ment, and this court is bound by that fixed by the jury. The punishment for this offense is confinement in the penitentiary for not less than two nor more than fifteen years. The punishment assessed in this case was thirteen years. The sentence is for thirteen years, instead of indeterminate. It is ordered reformed and affirmed.

*Affirmed.*