by his daughter, and that he was about the town of Del Rio and engaged in business of one sort or another. He mentions the fact that he was engaged in a butcher shop about 20 days, and sold meat to customers at the butcher shop, and other matters are mentioned. There is no showing made as to why these witnesses were not summoned or process issued for them. If he was engaged in the business he mentioned, and in connection with some of the witnesses named, he could prove those facts, if they were true; at least he could have secured their attendance, or sought to do so. His application for a continuance makes no mention of these witnesses, and yet he testifies as to their knowledge of these matters while on the witness stand. We are of opinion, without discussing the diligence, which we think was not sufficient, that this application does not present itself for favorable consideration.

The judgment will be affirmed.

---

KING v. STATE. (No. 4684.)

(Court of Criminal Appeals of Texas. Nov. 14, 1917.)

1. CRIMINAL LAW ⬦══1092(7)—APPEAL—BILL OF EXCEPTIONS—TIME OF FILING.

A bill of exceptions, not filed in the time prescribed by Vernon's Ann. Code Cr. Proc. 1916, art. 845, as extended by the district court by an order appearing in the record, must be disregarded.

2. CRIMINAL LAW ⬦══1098—APPEAL—"STATEMENT OF FACTS."

A statement of facts in question and answer form is not a statement of facts, within Vernon's Ann. Code Cr. Proc. 1916, art. 844c, and cannot be considered on appeal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Statement of Fact.]

Appeal from District Court, Liberty County; J. Llewellyn, Judge.

John King was convicted, and appeals. Affirmed.

H. E. Marshall and W. T. Norman, both of Liberty, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. Appellant was indicted and convicted for the theft of a hog, and his punishment assessed at three years' confinement in the penitentiary.

[1] The Assistant Attorney General has filed a motion to strike out the bills of exception. It appears that the term of court at which the judgment was rendered expired on the 2d day of June, 1917. The court made an order, at the time the motion for a new trial was overruled, allowing 60 days after adjournment within which to file bills of exception. These bills were filed August 13, 1917, which was after the expiration of the 60 days allowed within which to file them. No further extension of time appears in the record. Article 845, Vernon's Ann. Code Cr.

Proc. 1916, provides that 30 days after adjournment shall be allowed in which to file statement of facts and bills of exception in terms of court lasting less than 8 weeks, and provides, further, that the court trying the cause shall have power in term time or vacation, for good cause shown, to grant an extension of time thus provided for. This statute has been frequently construed to make it the imperative duty of this court to disregard bills of exception that are not filed within the time prescribed by the statute as extended by the district court by an order appearing in the record. Vernon's C. C. P. p. 832; Richardson v. State, 71 Tex. Cr. R. 111, 158 S. W. 517; Boyd v. State, 72 Tex. Cr. R. 159, 161 S. W. 459; Messer v. State, 74 Tex. Cr. R. 96, 167 S. W. 342; Roberts v. State, 74 Tex. Cr. R. 294, 168 S. W. 98; Schapiro v. State, 75 Tex. Cr. R. 17, 169 S. W. 683; Bell v. State, 74 Tex. Cr. R. 624, 169 S. W. 1150; Hicks v. State, 75 Tex. Cr. R. 461, 171 S. W. 755; Becker v. State, 76 Tex. Cr. R. 518, 176 S. W. 566.

[2] We find in the record the stenographer's report of the evidence adduced upon the trial in question and answer form. It contains no agreement of attorneys, though the caption states that it was all the evidence adduced. It is certified by the official stenographer, and the district attorney signs it with the letters "O. K." before his name. The defendant's attorneys signed it in a similar manner. It bears the signature of the judge, with the words "Approved and ordered filed" above it. The Assistant Attorney General insists that this is not a statement of facts, and that the court is unauthorized to consider it as such, and moves to strike it out. Article 844b, C. C. P., requires the official court reporter to transcribe the testimony adduced upon the trial in question and answer form, and to certify and file it. Article 844c, C. C. P., provides that, when the question and answer transcript is filed, the party appealing shall prepare, or cause to be prepared, from the transcript, a statement of facts in duplicate, which shall consist of the evidence adduced upon the trial, stated in succinct manner without unnecessary repetition which, when agreed to by the parties and approved by the trial judge, or in the event of the failure of the parties to agree to the statement of facts, certified by the trial judge, shall be sent up as a statement of facts. A statement of facts similar to that in the record in this case, in question and answer form, has been held by this court as not a statement of facts within the meaning of the statute, and not one which this court is authorized to consider. Choate v. State, 59 Tex. Cr. R. 266, 128 S. W. 624; Hart v. State, 67 Tex. Cr. R. 497, 150 S. W. 188; Mooney v. State, 73 Tex. Cr. R. 121, 164 S. W. 828; Felder v. State, 59 Tex. Cr. R. 144, 127 S. W. 1055; Fox v. State, 53 Tex. Cr. R.

---

⬦══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

150, 109 S. W. 370; Essary v. State, 53 Tex. Cr. R. 596, 111 S. W. 927; Claussen v. State, 70 Tex. Cr. R. 607, 157 S. W. 477. This construction of the statute has been adhered to without deviation, and its application in this case must result in sustaining the motion to strike out the statement of facts.

This deprives us of the privilege of passing upon the merits of the case, and leaves no alternative but to affirm the judgment, which is accordingly ordered.