R. W. LONG v. THE STATE.

No. 8376.   Decided April 16, 1924.

Rehearing denied June 4, 1924.

1.—Selling Intoxicating Liquor—Evidence.

Where, upon trial of selling intoxicating liquor, objection was interposed that appellant was not present at the time when the conversation was had between the brother of defendant and the officer, relative to the explanation of a check given in payment of the liquor, but there was nothing to show that this testimony could have been harmful to the defendant, there was no reversible error.

2.—Same—Rehearing—Impeaching Witness.

Where the bill of exceptions reflected no effort to impeach the witness, H. O. Long, and was in no sense contradictory of the testimony previously given by said witness, its receipt cannot be regarded as a legal reason for reversing the judgment of conviction.

Appeal from the District Court of Howard. Tried below before the Honorable W. P. Leslie.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*John B. Littler* and *B. W. Baker*, for appellant. On question of admitting testimony: Roberts v. State, 156 S. W. Rep., 651.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the sale of intoxicating liquor with punishment of one year n the pententiary.

The sale of the liquor in question is alleged to have been made to one Hanson on the 9th of May, 1923. His evidence is that he went to the home of appellant and there purchased from him four gallons of whisky in payment for which he executed a check for $60 payable to appellant; that he (Hanson) requested the check be not presented for payment until later. Appellant denied having made the sale. On June 23d appellant and H. O. Long, his brother, were arrested upon another whisky transaction and the $60 check in question was found in H. O. Long's possession. He and appellant explained said check by testifying that some time in April Hanson had sought to borrow from appellant the sum of $60 at a time when H. O. Long was present; that appellant not having the money H. O. Long furnished it to him and that the $60 check was made in repayment of this loan and was indorsed by appellant to H. O. Long to reimburse him for the money furnished appellant for Hanson. After H. O. Long had testified to the foregoing facts he was asked by the State upon cross-examination what explanation, if any, he made to the sheriff as to the check in question when it was found by the officer. Objection was interposed on the ground that appellant was not present at the time, and if H. O. Long did or did not make an explanation relative to said check it would not be binding on appellant in his absence; the objection being overruled the witness answered that he told the sheriff to keep the check as it had not been paid. The bill of exception presenting the foregoing matter is the only bill we find in the record. We think it unnecessary to discuss at length the matter complained of because the answer of the witness H. O. Long could in no way have been harmful to appellant; what he told the officer was in no way inconsistent with his testimony upon the trial.

There were no exceptions to the court's charge and no special charges requested. The only bill in the record revealing no harmful error, an affirmance of the judgment is ordered.

*Affirmed.*

### ON REHEARING.

### June 4, 1924.

MORROW, PRESIDING JUDGE.—The State's witness, Parrish Hanson, testified that he purchased whisky from the appellant and that in payment therefor he executed his check, payable to the appellant, for sixty dollars.

Appellant testified that he had made to Parrish Hanson an accommodation loan of money which he had obtained from his brother, H. O. Long; that the check executed by Parrish Hanson was in payment of this loan; and that upon receiving it, he delivered it to his brother, H. O. Long.

H. O. Long was introduced by the appellant as a witness in his behalf, and on direct examination corroborated the appellant's theory in accounting for his (R. W. Long's) possession of the check mentioned. The check was exhibited at the trial and identified. It bore the indorsements of R. W. Long, H. O. Long, and O. P. Buchanan. H. O. Long testified that he had given the check to Buchanan in order to have it cashed; that it was returned to him unpaid, the check bearing the indorsement, "insufficient funds." On cross-examination it was shown that H. O. Long was arrested upon a charge of the unlawful possession of intoxicating liquor, and that the check was in his possession at the time of his arrest. State's counsel asked him: "What explanation did you offer for having it?" Witness replied: "I hold him I wanted to keep the check. I says, I want to keep that check; it has not been paid. If you hold it, don't destroy it; it has not been paid."

We confess our inability to perceive the analogy of this with the facts in Hyden's case, 31 Texas Crim. Rep., 401; and the Roberts case, 74 Texas Crim. Rep., 294; 156 S. W. Rep., 651. The matter of the check, the possession of it, and the effort to collect it were brought out in the direct examination and were the proper subject of cross-examination. The explanation of his possession given by R. O. Long seems to have been in no way contradictory or inconsistent with his direct testimony upon the trial. The bill in the present instance, if we comprehend it, reflects no effort to impeach the witness H. O. Long, and being in no sense contradictory of the testimony previously given by him, its receipt cannot be regarded as a legal reason for reversing the judgment of conviction.

The motion for rehearing is overruled.

*Overruled.*