SONEY MOSELEY v. THE STATE.

*No. 1222.    Decided November 20th, 1895.*

1.  **Continuance—Practice on Appeal.**

On the appeal, an application for continuance will be held properly overruled where, in looking to the facts proved, it appears that the proposed absent testimony is neither probably true nor material.

2.  **Argreement to Turn State's Evidence—Immunity from Prosecution.**

An argeement for immunity from prosecution, in consideration of testimony to be given, must, in order to be available, specify a particular case, or a case growing out of a particular transaction; it cannot be extended to agreements looking merely to the co-operation of the accused with the officers in the detection of crime generally. Following, Holmes v. State, 20 Tex. Crim. App., 509.

3.  **Same—Sheriff has no Authority to Make such an Agreement.**

A sheriff has no authority to make a contract with a party accused of crime for his immunity from prosecution. Such contract can only be made by the prosecuting attorney, or representative of the State.

4.  **Receiving Stolen Property—Venue of the Prosecution.**

The offense of receiving and concealing stolen property may be prosecuted in the county where the theft was committed, or through or into which the thief may have carried the same, or in any county where the same was received or concealed.

APPEAL from the District Court of Kaufman. Tried below before Hon. J. E. DILLARD.

This appeal is from a conviction for fraudulently receiving and concealing three horses and a mule which had been stolen; the punishment being assessed at five years in the penitentiary.

The stolen animals belonged to J. W. E. Leverett, who lived at Pedee's Mill, Kaufman County. He recovered the mares in Ellis, and the mule in McLennan County.

As a defense appellant proposed to prove that he had entered into an agreement with the officers of the law by which, it was stipulated that, in consideration of information given by him, relative to numerous horse thefts, he was not to be prosecuted for any of the thefts in which he was implicated. This matter, as stated in his application for continuance, is as follows, viz: "That he expects to prove by Wm. Fears, County Attorney of Ellis County, Texas, that this defendant made an agreement with Tom Bell, sheriff of Hill County, and John Bolix, deputy sheriff of Dallas County, and W. F. Henderson, deputy sheriff of Kaufman County, and W. H. McCue, sheriff of Ellis County, that if (he) defendant would tell them all he knew, or had reason to know, where they, as such officers, might recover stolen horse property, and whereby they could arrest the guilty parties, they would see that defendant should not be prosecuted in any of the counties aforesaid; all of which was agreed to and approved by Wm. Fears, as County Attorney for Ellis County; and that in obedience to such agreement and ratification by County Attorney Fears, which agreement has been faithfully kept by defendant, and all the information furnished known to defendant was given, by which a large number of horses were recovered, and several parties apprehended and convicted for the thefts thereof; and in said agreement so made and ratified this defendant was not to be prosecuted in this case, but was to be released," etc.

*J. S. Woods*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This is a conviction for receiving and concealing stolen property, to-wit: three horses and a mule, the property of J. W. E. Leverett. An application to continue the case was made and overruled, and appellant reserves a bill of exceptions. So far as the witness Stanfield is concerned, the application does not show how he could have known—he living in Hill County—when appellant was in Kaufman County, unless he was with him. Moreover, the appellant was convicted of receiving stolen property, and not of stealing the same. The property was stolen in Kaufman County, and may have been received in Navarro County. We fail to see the materiality of this testimony, when the facts of the case are looked to. Appellant also desired the cause continued to enable him to procure the testimony of County Attorney Fears, of Ellis County, by whom he proposed to prove that he

had been promised immunity from prosecution. The motion to continue sets out fully that what he proposed to prove occurred between the parties, upon which he relies as a bar to the prosecution in this case. The substance of the agreement between Fears and the sheriffs and the appellant was that if appellant would tell them all he knew, or had reason to know, whereby they, as such, might recover stolen horse property, and whereby they could arrest the guilty parties, they would see that he was not prosecuted in any of the counties aforesaid, all of which was agreed to and approved by Fears, as County Attorney of Ellis County. This simply shows that he proposed to be an informer in regard to the theft of horses generally, and had no reference to his testifying in this case. Appellant stands in regard to this matter in precisely the same position that Holmes did in the case of Holmes v. State. 20 Tex. Crim. App. 509. The rule is that there must be an agreement made by the proper parties to the effect that the appellant should testify in the given case, in good faith, and unless this character of contract is made he cannot rely upon the plea. See Hinesman v. State 34 Tex. Crim. Rep., 76. He must agree to testify in the case in which he proposed to rely upon the contract, or a case growing out of that particular transaction, and this must be shown in the bill of exceptions. This matter is brought up in another shape : A contract between Tom Bell, sheriff of Hill County, and appellant, is relied upon in support of his plea in bar to the prosecution. The sheriff has no authority to make any such contract. It must be done either by the prosecuting attorney or the representative of the State. Besides this, there is no agreement for the appellant to testify in this case at all. The agreement was that he should turn informer. The contract with Bell was not a positive one. Bell did not agree that he should not be prosecuted, but that he would use his influence to prevent it. There was no agreement that appellant should testify in this case against any one, and the court did not err in excluding this testimony. It is contended by appellant that there is no evidence that he received the property in Kaufman County. Such proof is not necessary, because the offense of receiving and concealing stolen property may be prosecuted in the county where the theft was committed, or through or into which the thief may have carried the same, or in any county where the same was received or concealed. See, Laws 21st Leg. p. 37. The proof is clear that the property was stolen in Kaufman County. It is contended that the verdict is unsupported by the evidence, because the accomplice, Lula Moseley, is not corroborated. This record is bristling with circumstances of corroboration, tending to connect appellant with this crime. The judgment is affirmed.

*Affirmed.*