FRANK LOGAN v. THE STATE.

*No. 1046. Decided March 28th, 1896.*

**1. Theft—Unknown Owner—Allegation and Proof of.**

Where an indictment for theft alleged ownership in an unknown owner, proof on the trial that the owner was unknown, or evidence as to that fact which would make it prima facie that the ownership was unknown to the grand jury, is sufficient, in the absence of any issue raised by defendant on this question.

**2. Same—Charge.**

Where the indictment for theft alleged ownership in an unknown owner, a charge to the jury that, if the grand jury did not exercise sufficient diligence to ascertain the owner, they should acquit, is correct.

**. 3. Objections to Confessions as Evidence—Bill of Exceptions.**

Objections to the supposed erroneous rulings of the court in regard to the admission of confessions in evidence, must be perpetuated by a bill of exceptions, in order to entitle the same to be revised.

**4. Confessions Under Persuasion—Finding the Fruits of the Crime.**

On a trial for theft, of one head of cattle, the evidence is sufficient, if, in addition to defendant's confession, made under persuasion, meat of a slaughtered animal was found in his house, and he was shown to have been seen going from the place of slaughter with part of the meat in his possession.

APPEAL from the District Court of Liberty. Tried below before Hon. L. B. HIGHTOWER.

This appeal is from a conviction of theft of one head of cattle, the property of an unknown owner, wherein the punishment was assessed at two years' imprisonment in the penitentiary.

Isaac Bennett testified, that on the night of the 14th of July, 1895, he saw defendant on horseback, with two hindquarters of a beef upon his horse in front of him. He was going towards his home, and coming from the direction in which it was afterwards found that an animal had been slaughtered. The next morning, the witness and W. S. Perryman and Mr. Thomas searched defendant's house, and found some beef in a grass sack, up in the loft.

W. S. Perryman testified to finding the place where a beef had been recently slaughtered, about one and one-quarter miles from defendant's

house.   The place where this was, was in Liberty County.   There was nothing found by which to identify the animal.   Defendant did not own any cattle.

James Cole testified substantially as did Perryman.

W. A. Thomas testified, that he was deputy sheriff of Hardin County. Went with a search warrant, with Bennett, Perryman and Moore to defendant's house; searched the house and found meat in a sack, in the loft.   That he arrested defendant, and warned him as to any statements he might make.   That defendant confessed that he and Simon Oliver had gone out and stole the yearling.   That Oliver persuaded him to do it.   That they did not know whose beef it was, but they stole it and cut up the hide so as not to be caught up with.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with and convicted of stealing one head of cattle, the property of an unknown owner.  The appellant's contentions for a reversal grow out of the supposed insufficiency of the evidence to support the verdict of the jury.  There are no assignments of error in the record, and we are relegated to his motion for a new trial to ascertain his views on these questions.   With reference to the contention that the venue was not sufficiently proved, the testimony shows, by circumstances and by the testimony of Perryman, that the killing of the animal was in Liberty County.   The facts bearing upon this question need no discussion at our hands, and they show not only, with reasonable certainty, that the killing was in Liberty County, but place it, as we understand the testimony, beyond any question of reasonable doubt.   It is contended by the appellant, also, that the testimony is insufficient to sustain this judgment, because, on the trial, the diligence exercised by the grand jury in seeking information as to the name of the owner of the stolen animal was not shown before the jury who tried this case.   This court has held, and still holds, that where the property is alleged to be in an unknown owner, and, during the trial of the case, the testimony suggests that the owner could have been known to the grand jury by reasonable investigation, and that investigation was not had, this would constitute a cause for reversal of the judgment on the ground of variance. We do not care to review those authorities.   They are familiar to the profession.   But this case does not come within the rule contended for by the appellant.   There was no question in this case that the allegation of ownership was not properly laid.   There is nothing to suggest that, by any possible investigation, the grand jury could have ascertained to whom the animal belonged; and not only did the witnesses testify as to a want of knowledge of the owner of the animal, but the defendant, in making his statement in regard to it, stated that he did not know to whom the animal belonged.   If there had been a question, on the trial,

that the owner of the animal might have been known, and, by proper inquiry, the grand jury could have ascertained that fact, then a failure on their part to do so would have constituted reversible error. Such is not this case, and that phase of the law was not an issue on the trial; and, in this respect, the testimony does support the conviction. The fact that it was proved, on the trial of this case, that the owner was unknown, in the absence of any issue on this question by the defendant, or the evidence, was sufficient to establish a prima facie case that the ownership was unknown to the grand jury, and that they exercised sufficient diligence to ascertain the owner. The court charged the jury that, if such diligence was not exercised, they should acquit. This was correct. With reference to the confession of the defendant, and the supposed error in admitting it, we would say that, where a party desires a revision of supposed erroneous rulings of the court in regard to the admission of testimony, it is necessary to reserve a bill of exceptions. This was not done. We have investigated the evidence in the case. We think the defendant's confession of the fact that he stole the animal at the instance of and by the persuasion of one Oliver, and the finding of the meat in his house, and the fact that he was seen going from the place where the animal was slaughtered with one-half of it in his possession freshly killed, fully supports the verdict. The judgment is affirmed.

*Affirmed.*