## Perry Hellums v. The State.

### No. 4418.    Decided February 17, 1909.

**1.—Theft—Information—Unknown Owner.**

Where upon trial for theft the information charged that the property was that of an unknown party, the court should have charged as requested that the State must prove that the property belonged to an unknown party, and that the county attorney used due diligence to ascertain the name of the owner and was unable to do so at the time the complaint and information were filed. Following Logan v. State, 36 Texas Crim. Rep., 1.

**2.—Same—Reasonable Diligence.**

Where the information for theft charged the property to be that of an unknown owner, the prosecution can not be successfully sustained, when the evidence shows that by the exercise of reasonable diligence the county attorney could have ascertained the owner of the property.

Appeal from the County Court of Montague. Tried below before the Hon. Geo. B. March.

Appeal from a conviction of theft; penalty, a fine of $25 and one day confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

F. J. McCord, Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of theft, and his punishment assessed at a fine of $25 and one day in jail.

The information charges that appellant did fraudulently take one

pint bottle partly filled with whisky of the value of fifty cents, the same being the corporeal personal property of an unknown party, from the possession of the said unknown party, without the consent of the said unknown party, etc. Appellant asked the court to give the following charge, which was refused: "The State has charged that the alleged whisky was taken from an unknown person, and in order to convict, the State must prove that it belonged to an unknown party, and that the county attorney used due diligence to ascertain the name of the owner and was unable to do so at the time the complaint and information were filed." This question is decided by this court in favor of appellant's contention in the case of Logan v. State, 36 Texas Crim. Rep., 1. We there held that where the indictment for theft alleged ownership in an unknown owner, a charge to the jury that if the grand jury did not exercise sufficient diligence to ascertain the owner they should acquit, was a proper charge. The same rule would apply to informations. It follows that the court erred in refusing to give the charge. Furthermore, we notice that the statement of facts shows that Bill Goss, witness for the State, testified that he was with appellant when he got the bottle of whisky out of the buggy at Mr. Holmes and helped him drink it. That it was witness' whisky, though he swears that he did not tell appellant that it was his whisky and did not give appellant his consent to take it. This being the condition of the record, it shows conclusively that the county attorney knew who the whisky belonged to, or could have known at the time of the institution of this prosecution. This being the condition of the evidence, a prosecution can not be successfully maintained upon an indictment charging the theft of property of an unknown owner, when the evidence shows conclusively or with reasonable certainty that by the exercise of reasonable diligence the county attorney could have ascertained the owner of the property.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*