CLAY  HALE v. THE STATE.

No. 5709.  Decided March 17, 1920.

1.—Recognizance—Appeal Bond—Practice on Appeal.

Where an appeal is prosecuted in a felony case, the accused may enter into a recognizance during the term at which the conviction was · had. and failing in this he may, after the adjournment of court, in vacation, enter into an appeal bond under the terms prescribed by the statute.

2.—Same—Adjournment of Court—Appeal Bond—Approval.

Where appellant did not enter into a recognizance during term time, but before the court adjourned did give an appeal bond, which was taken by the sheriff and approved by both him and the district judge, the same was without legal efficacy and the appeal must be dismissed.

Appeal from the District Court of Liberty.  Tried below before the Honorable D. F. Singleton, Judge.

Appeal from the conviction of a violation of the local option law; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for the appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The Assistant Attorney General moves to dismiss this appeal because of the fact appellant did not enter into a recognizance during term time but gave an appeal bond.  Where an appeal is prosecuted in a felony case the accused may enter into a recognizance during the term at which the conviction was had, and failing in this he may, after the adjournment of court, in vacation, enter into an appeal bond under the terms prescribed by the statute. Appellant did not enter into a recognizance during term time, but before the court adjourned did give an appeal bond, which was taken by the sheriff and approved by both the sheriff and district judge. Court adjourned on the 13th day of December, 1919.  The appeal bond was entered into on the 5th day of December, 1919, eight days before the adjournment of court.  It was on that day approved by the sheriff and on the 8th of December approved by the district judge.  This appeal bond then is without legal efficacy.  This question has been passed on in a number of cases, among others, two cases styled Taylor v. State, found in 80 Texas Crim. Rep., 132-133.

We are of opinion that the motion of the Assistant Attorney General is well taken and should be sustained.

The appeal is, therefore, dismissed.

*Dismissed.*