burn v. State, 95 Tex. Cr. R. 555, 255 S. W. 436; Bell v. State, 92 Tex. Cr. R. 342, 243 S. W. 1095; Foster v. State, 101 Tex. Cr. R. 628, 276 S. W. 928; Goforth v. State, 100 Tex. Cr. R. 442, 273 S. W. 845.

The only remaining bill complains that the district attorney was permitted to ask leading questions, which, together with the answers, are shown in the bill by the court's order. This bill is not discussed in appellant's brief. However, we have examined it, and find nothing of such serious import as calls for reversal.

Having considered appellant's case upon the merits, and finding nothing in the bills of exception leading to the conclusion that our former order affirming the judgment should be changed, the motion for rehearing will be overruled.

---

## BARNES v. STATE.   (No. 9893.)

(Court of Criminal Appeals of Texas. March 31, 1926. Rehearing Denied May 12, 1926. On Second Motion for Rehearing, June 23, 1926.)

Criminal law &=112(9)—One, receiving and concealing stolen property after it has been carried out of county in which it was stolen, may be convicted on indictment charging him with receiving and concealing it in county where it was stolen (Vernon's Ann. Code Cr. Proc. 1916, art. 248).

One, receiving and concealing stolen property after it has been carried out of county in which it was stolen, may be convicted on indictment charging him with receiving and concealing it in county where it was stolen, though proof be that offense was in fact committed in the other county, in view of Vernon's Ann. Code Cr. Proc. 1916, art. 248.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

A. F. Barnes was convicted of receiving and concealing stolen property, and he appeals. Affirmed.

V. L. Shurtleff, of Breckenridge, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of Stephens county of receiving and concealing stolen property; punishment, five years in the penitentiary.

The record contains but one bill of exceptions by which complaint is made of the refusal of the learned trial judge to instruct the jury that there was no evidence tending to show that the alleged stolen car was received by the defendant, Barnes, in Stephens county, and for this reason he should be acquitted of receiving and concealing said property. We cannot agree with this contention. The automobile in question was found in Palo Pinto county not far from the line of Stephens county under circumstances supporting the conclusion of the jury that same had been received or concealed by appellant. The car had been materially changed in its parts when found. It was at or near a place where other cars had been dismantled, and tools for use in such operations were there found. A handkerchief bearing appellant's initials was also found at said place in the pocket of a suit of overalls. The officers watched until appellant with some others came to the place where the car was found, and it is in evidence that, when appellant's party discovered the tracks of the officers' car and saw the officers themselves, they fled over rocks and down hills and through brush in such manner as compelled them to abandon one car and to lose the contents of the other car. It is in testimony that on the night the car in question was stolen appellant was in the vicinity of the car at Caddo, Stephens county.

We have examined each of the special charges, and also the exceptions to the main charge of the court, and are of opinion there appears no transgression of the rules of law or of the rights of the appellant in the refusal of the special charges or in the language and terms of the charge as given.

The judgment will be in all things affirmed.

MORROW, P. J., absent.

On Motion for Rehearing.

LATTIMORE, J. On the authority of Mooney v. State, 73 Tex. Cr. R. 121, 164 S. W. 828, appellant insists that our opinion affirming this case is erroneous because the proof shows that the automobile in question, while stolen in Stephens county, was found in appellant's possession, if at all, in Palo Pinto county.

In our opinion the Mooney Case, supra, does not state the law when it announces that, under an indictment charging the receiving and concealing of stolen property in Wheeler county, evidence was not admissible that the property was received and concealed in Collingsworth county.

Article 248, Vernon's C. C. P., provides that the offense of receiving and concealing stolen property may be prosecuted in the county where said property was stolen, or in any county through or into which the property may have been carried. This doctrine has been upheld and applied. Moseley v. State, 35 Tex. Cr. R. 210, 32 S. W. 1042; Moseley v. State, 36 Tex. Cr. R. 581, 37 S. W. 736, 38 S. W. 197; Bonner v. State (Tex. Cr. App.) 32 S. W. 1043. It is held in Moseley v. State, 36 Tex. Cr. R. 581, 37 S. W. 736, 38 S. W. 197, that, if a horse be stolen in Hill county and

&= For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

carried into McLennan county, and delivered to the accused in Falls county, he could be prosecuted upon indictment alleging the receiving and concealing as taking place in McLennan county. Under the statute and authorities it seems clear that one who receives and conceals stolen property which has been carried from one county into another may be convicted in the county where the property was stolen upon an indictment charging him with receiving and concealing the property in the county where it was taken, even though the proof be that it was in fact received and concealed in another county. In so far as the Mooney Case, supra, announces a doctrine contrary to this, it is overruled.

Being unable to agree with the contention made by appellant in this matter, his motion for rehearing is overruled.

On for Second Motion for Rehearing.

We are not in accord with any of the matters set up in appellant's application for leave to file second motion for rehearing, and same, presenting no new matters, will be denied.