## E. J. UHL V. THE STATE.

### No. 10291.   Delivered December 22, 1926.

**1.—Receiving and Concealing Stolen Property—Jurisdiction of This Offense.**

The jurisdiction of this offense, that of receiving and concealing stolen property, was properly laid in the indictment in Erath County, where the automobile was stolen, although it was thereafter received and concealed in Eastland County.   Art. 200 of Vernon's P. C. confers jurisdiction in such cases on the county where the theft is committed, or through or into which the appellant may have carried the property, or in any county where the same was received and concealed.   Following Mosely v. State, 32 S. W. 1042, and other cases cited.

**2.—Same—Evidence—Of Other Offenses—Improperly Admitted.**

Where, on a trial for receiving and concealing a stolen automobile, the state was permitted to prove by the county attorney that about a week before the trial witness and others found on the premises of the appellant a Dodge touring car, which was turned over to the representatives of an insurance company of Dallas, and also a Dodge coupe, which was turned over to L. D. Williams of Eastland.   This testimony was clearly *inter alias acta*, and improperly admitted.   Following Castleberry v. State, 33 S. W. 875, and other cases cited.

Appeal from the District Court of Erath County.   Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for receiving and concealing a stolen automobile; penalty, ten years in the penitentiary.

The opinion states the case.

*S. W. Smith* of Desdemona, and *Oxford & Johnson* of Stephenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted of receiving stolen property knowing it to have been stolen at the time he received it, and his punishment was assessed at ten years in the penitentiary.

The indictment in this case contains two counts, the first count charging the appellant with theft of the property, and the second count with receiving and concealing the said property.   He was convicted under the second count.

Appellant's bill of exceptions No. 1 complains of the trial court's refusal to quash the second count in the indictment, for the reason that it cannot be determined from a reading of the count whether he was charged with receiving and concealing

the property in Eastland County or in Erath County, contending that the "then and there" in the latter part of said count referred back to Erath County instead of Eastland County. We do not agree with this contention, for when the count is considered as a whole the "then and there," we hold, refers back to Eastland County. Art. 200, Vernon's C. C. P., gives the court of the county where the theft occurred jurisdiction of the offense of receiving and concealing the stolen goods, though the appellant lived and received and concealed the goods in another county. The record discloses that the theft of the automobile, the appellant is charged with receiving and concealing, was in Erath County, and the receiving and concealing of said automobile by the appellant was in Eastland County. Under this article and under the decisions hereinafter cited the offense of receiving and concealing stolen property may be prosecuted in the county where the theft was committed, or through or into which the appellant may have carried the property, or in any county where the same was received or concealed. It follows, therefore, that the court correctly overruled appellant's motion to quash this count in the indictment and also correctly overruled his motion in arrest of judgment. Mosley v. State, 32 S. W. 1042; Mooney v. State, 164 S. W. 828; Mooney v. State, 176 S. W. 52; Barnes v. State, 283 S. W. 506; Barnes v. State, 284 S. W. 577.

Appellant's bills of exception 8 and 9 complain of the trial court's action in allowing the witness W. J. Barnes, County Attorney of Eastland County, to testify and among other things to relate that on or about the 17th day of August, 1925, he and others found on the premises of the appellant a Dodge touring car, which was turned over to a representative of the Insurance Company of Dallas, Texas; and also found on the premises of the appellant a Dodge coupe, which was brought to Eastland by the officers and turned over to L. D. Williams; and that he, the witness, saw it last week, (meaning the week before the witness was testifying in this case) in Williams' possession and that it had been continuously in Williams' possession from the time it was turned over to him by the officers until the date of the trial.

We believe the learned trial judge was in error in permitting this evidence to go to the jury for the reason that same was clearly inter alias acta. Castleberry v. State, 33 S. W. 875; Branch's Criminal Laws of Texas, Sec. 338, p. 196; Nunn v. State, 131 S. W. 320; Forrester v. State, 152 S. W. 1041; Hunt v. State, 229 S. W. 869.

There are a number of other questions raised by appellant but in view of another trial, we do not deem it necessary to pass upon them. For the error above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.