CHARLEY THOMAS V. THE STATE.

No. 11172. Delivered February 29, 1928.

Rehearing denied March 28, 1928.

1. — Possessing Intoxicating Liquor — Conduct of State's Attorney — Improper—Not Reversible Error.

    Where, in his argument to the jury, counsel for appellant demanded "why didn't the state have the 'choc' analyzed," and was interrupted by State's Attorney, who said, "If you want the analysis, here it is," this conduct of State's Attorney was improper, but the court having instructed the jury to disregard the interruption, and the minimum punishment being imposed, the incident would not warrant a reversal of the judgment.

2.—Same—Argument of Counsel—When Reversible Error—Rule Stated.

    Where the evidence is plain and a violation of the law is made out, and the lowest penalty inflicted, we do not reverse for matters whose only effect could be to create prejudice in the minds of the jury against the accused.

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Jas. D. Buster,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for one year.

Roberts, an officer, testified that possessed of a search warrant, he searched the premises of the appellant and found about a gallon of what was called "choc beer" in his house, and between twenty and twenty-five gallons of "choc beer" in a shed just back of the house; that he tasted the "choc beer" in each of the places and that it was intoxicating liquor. He said:

"I don't know just what per cent of alcohol it did have in it. I did not have it analyzed. * * * I do not know how much alcohol it had in it, but a pretty good per cent though."

When the witness said he did not have it analyzed, he added: "I do not know whether that was the occasion or not, but I carried it up to Mr. Brouss, I believe I did." The State's Attorney then said: "Here is the analysis." Counsel for the defendant objected to the analysis until somebody came and identified it. The objection was sustained.

Counsel for the defense, in his argument to the jury, said:

"Why didn't the state have this 'choc' analyzed, if it had any alcohol in it? They ought not to ask a jury to guess a man into the penitentiary."

Thereupon, State's Attorney said: "If you want the analysis, here it is." The court instructed the jury not to consider the remarks of the County Attorney. Other like exchanges of comments by the opposing counsel were made, and instructions to disregard those of the prosecution were given to the jury.

Under the facts, counsel for the state was not warranted in interrupting the remarks of appellant's counsel by tendering the analysis or tendering the paper which intimated that it was the analysis. The court properly sustained the objection to the document because there was no proof that it was the analysis. However, in view of the record, we fail to perceive the possibility of harm to the appellant from the procedure. There was but one witness who testified, and his testimony was definite that he had tasted the liquid which was found upon the appellant's premises; that it was what was known as "choc beer" and was intoxicating liquor. This was not controverted by any testimony. There was no effort to impeach the state's witness,

and no testimony was offerd by the appellant. In that state of the record, it seems manifest that there could have been no more favorable verdict to the appellant upon the undisputed facts.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In passing on the contentions made by appellant it must be borne in mind that the accused was given the lowest penalty, and that no testimony was before the jury save that of the one state witness who testified positively to the fact that he found in appellant's possession a large quantity of choc beer, that he drank some of it, and that it was intoxicating liquor. In view of these facts we are unable to conclude that the conduct of the District Attorney either in what was done during the introduction of evidence or in the argument, even if deemed by the trial court to be of such nature as to call for an instruction to the jury not to consider it—should call for reversal. When the evidence is plain and a violation of the law is made out, and the lowest penalty inflicted, we do not reverse for matters whose only effect could be to create prejudice in the minds of the jury against the accused.

The motion for rehearing will be overruled.

*Overruled.*