ED HENDRICKS v. THE STATE.

No. 12532.  Delivered October 9, 1929.
Rehearing denied November 20, 1929.

The opinion states the case.

*T. T. Crosson* of Ballinger, *James P. Cogdell* of Fort Worth, *Baker & Parrish* of Ballinger, and *Baker & Baker* of Coleman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for a period of one year.

The appellant was tried at a term of court which adjourned on the 16th day of November. To confer jurisdiction on this court of an appeal in a felony case in which the accused is released on bail, the record must show a recognizance entered during the term of court. See C. C. P., Arts. 818, 832, 834, and cases collated in Vernon's Tex. C. C. P., 1925, Vol. 3, p. 191, note 3. In the record before us there is no recognizance but the release of the appellant was on an appeal bond made and filed November 15th before the court adjourned. The State's motion to dismiss the appeal must be sustained. See Hale v. State, 87 Tex. Crim. Rep. 119; 219 S. W. Rep. 1097; King v. State, 83 Tex. Crim. Rep. 304, and precedents collated in Vernon's C. C. P., to which reference is made above.

The appeal is dismissed.

*Dismissed.*

ON REINSTATEMENT OF APPEAL.

CHRISTIAN, JUDGE.—A proper appeal bond having been filed, the judgment of dismissal is set aside, the appeal is reinstated and the case considered on its merits.

Appellant was at a carnival. He and one of the employees of the carnival left the grounds and drove in appellant's automobile to

appellant's home, appellant driving the car. One of the occupants of the car entered the back door of the house and shortly returned to the car. Appellant and his companion then drove back to the carnival grounds, appellant driving the car. As the car approached the carnival grounds an officer commanded them to stop. Appellant stopped the car and he and his companion were ordered out of the car. Appellant's companion fled. In leaving the car appellant picked up a pint bottle containing whiskey and broke it. A small quantity of the whiskey was preserved by the officer. No defensive testimony was offered.

In his closing argument to the jury the district attorney said: "Gentlemen of the jury, the truth of the matter is this defendant had sold that bottle of whiskey to that strange man and it is up to you gentlemen to help me to enforce the prohibition laws of this state." Appellant objected to the remarks of the district attorney on the ground, among others, that no evidence had been introduced tending to prove a sale of whiskey by appellant. Request was made that the court instruct the jury not to consider the statement of the district attorney. The request was refused. It is certified in the bill of exception that no evidence was introduced as to any sale of intoxicating liquor by appellant. The argument had no support in the evidence and was improper. However, in view of the record, we fail to perceive the possibility of harm to appellant. The testimony of the state was uncontroverted. The automobile in which the whiskey was transported belonged to appellant. Appellant drove the car. When stopped by the officers he seized the bottle of whiskey and broke it. No effort was made to impeach the state's witnesses. The minimum penalty was assessed. It therefore seems manifest that there could have been no more favorable verdict to appellant upon the uncontroverted facts. Thomas v. State, 4 S. W. (2d) 39.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's chief complaint in his motion is of the argument of the State's attorney. We have reviewed the evidence in connection with the complaint of the argu-

ment. The facts show that during the progress of a carnival appellant was seen on the grounds at night in conversation with an employe of said carnival, a stranger to the witnesses who were residents of the community. Appellant was heard to say to this man to come on, that it was about time to go. The two then got into appellant's car, and they were observed to drive away in the direction of appellant's house and also to drive to said house, and one of them was seen to get out and go to the house and come back, though the distance was such as to preclude witnesses from saying which one of the two went to the house. Both of them then came back to the carnival grounds, and officers, believing this conduct to be of a suspicious character, hailed them and told them to throw up their hands and stop, that they desired to search the car. The carnival employe jumped out of the car and made his escape. Appellant was seen moving gradually over, and presently he made a grab with one of his hands and seized a bottle which contained whisky and broke it on some part of the car. This seems to so completely establish appellant's knowledge of the fact that he was transporting intoxicating liquor in his car as that the argument, even if of doubtful propriety, could not have been injurious to appellant in view of the minimum penalty. The facts show beyond question his guilt.

The motion for rehearing is overruled.

*Overruled.*