## DALE GILMORE V. THE STATE.

No. 19056.   Delivered May 26, 1937.
Motion to Reinstate Appeal Denied June 16, 1937.
*Second Motion to Reinstate Appeal Denied June 23, 1937.*
Third Motion to Reinstate Appeal Denied November 10, 1937.

The opinion states the case.

*Parker & Parker*, of Comanche, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is receiving stolen property; the punishment, confinement in the penitentiary for two years.

It appears from the transcript that the trial was held November 27, 1936. The caption indicates that the term of court at which appellant was convicted began March 4, 1935, and adjourned March 23, 1935. The caption is manifestly incorrect. Hence the appeal must be dismissed.

The appeal is dismissed.

*Appeal dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION TO REINSTATE APPEAL.

CHRISTIAN, JUDGE.—Appellant brings forward a supplemental transcript showing that the term of court at which he was tried began November 2, 1936. However, the caption fails to show the date of adjournment. Under the decisions, we are constrained to overrule the motion to reinstate the appeal. Wright v. State, 56 S. W. (2d) 646.

The motion to reinstate the appeal is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPLICATION FOR LEAVE TO FILE SECOND MOTION TO REINSTATE THE APPEAL.

MORROW, PRESIDING JUDGE.—With his application for leave to file a second motion to reinstate the appeal, appellant brings forward the certificate of the clerk of the trial court showing the term of court at which the conviction occurred adjourned on the 4th day of December, 1936. We find in the original transcript an appeal bond which was approved by the sheriff and the trial judge on November 30, 1936, and filed December 1, 1936. Thus, it appears that appellant did not enter into a recognizance in term time in order to secure his enlargement pending appeal; but while the court was still in session he

executed and filed an appeal bond. See Arts. 816 and 818, C. C. P. This court acquires no jurisdiction of an appeal where an appeal bond is filed during the trial term of court. See Carr v. State, 81 S. W. (2d) 86; Zepeda v. State, 7 S. W. (2d) 527; Hale v. State, 219 S. W., 1097; Butler v. State, 300 S. W., 937.

The application for leave to file a second motion to reinstate the appeal is denied.

*Denied.*

### ON THIRD MOTION TO REINSTATE APPEAL.

GRAVES, JUDGE.—After re-examining the record we express our views in the language of Judge O. S. Lattimore as embraced in the opinion he prepared herein shortly prior to his death, but which was not taken into consultation. We quote his language as follows:

"This appellant is the victim of procedural errors successively committed by the clerk of the trial court. His appeal was originally dismissed in May, 1937, because of a defective caption to the transcript; motion to reinstate was overruled in June, 1937, because the corrected transcript was also fatally defective, and the second motion to reinstate was overruled June 23, 1937, because the transcript showed the appeal to be based on an appeal bond when it should have shown a recognizance. This court adjourned for the term on June 25, 1937, and the next day the clerk of this court received still another motion to reinstate upon a certificate of said clerk showing that the date of the adjournment of the trial term was wrongly stated in the transcript, and that the case was properly appealed on a bond. The above might be used as a forcible text to remind those who are charged with clerical duties in matters affecting court proceedings,—that they should be exceedingly careful in the preparation of records upon whose correctness may depend the liberties of a citizen.

"This case may have passed from our jurisdiction by operation of law as a result of our adjournment, but we have felt impelled to examine the record and to write what here appears, —at least to the end that no unjust imputation might be laid at the door of appellant's attorneys, and also to bear out the idea that had the case correctly reached us on original presentation, the judgment would have been affirmed. The only question of serious import, raised on behalf of appellant, is that no witness testified that the grand jury made affirmative efforts to ascertain the name of the owner of the alleged stolen prop-

erty, whose fraudulent reception was the offense charged,—it being set forth in the indictment that the name of such owner was to the grand jurors unknown. On the point, we observe that the witnesses testified to facts which make the record show beyond question that the grand jury did not know and could not have found out by any reasonable diligence the name of the party from whom appellant received the alleged stolen car.

"Said car was lost in July, 1934, at Baird, Callahan County, Texas. In March, 1935, it was found in the possession of appellant in Eastland County. The block number had been filed off and changed, and the casings had been also changed, but it was identified by the owner. Appellant's defense on the trial was that he bought the car in question in Stephenville from a man who signed a bill of sale as 'P. O. Anderson,' who had registered the car under the name of 'P. O. Anderson, Dublin, Texas.' The notary who wrote the bill of sale testified that he did not think he would know the party who signed the name 'Anderson' to the bill of sale, but he also testified that only one man came to his office with appellant when the bill of sale was executed, the date of such execution being August ___, 1934. The notary's name was not signed to the bill of sale. The defense introduced one of appellant's neighbors, Royal Hampton, who testified that he took appellant to Stephenville on the August day, 1934, and that appellant bought a car from a man in Stephenville whose name he did not hear pronounced, but he recalled that the man in the notary's office signed the bill of sale as P. O. Anderson. Cross-examined, this witness was asked to write the name of 'P. O. Anderson' and refused. Asked again so to do he said 'I am not writing.' Defense counsel objected to the request of the State, but the objection was overruled. The witness was asked if he knew P. O. Anderson, and said he did not. When again asked to write said name witness refused to either write it or a sentence with the name in it. Ordered by the court to write, defense counsel again objected on the ground that witness might incriminate himself, and that he had the right to refuse. Witness was asked by the judge if he had any reason for refusing to write, and answered 'I don't think I have to write in court.' Being again ordered by the court to write, witness said 'I refuse.' At this point appellant's counsel, apparently speaking to witness, said 'Go ahead and write,' and the witness wrote the name P. O. Anderson. A bank cashier testified that the name P. O. Anderson in the bill of sale and the same name written by the witness just referred to, were both written by the same person.

Officers said they made search and inquiry in and around Dublin, Texas, for P. O. Anderson, but could not find him or hear of any such person. No subpoena appears to have been issued for Anderson.

"We have no doubt under these facts but that this case is within those authorities holding that when the testimony discloses there was no reasonable probability that the name of the seller of alleged stolen property could have been ascertained by the grand jury, no reversible error is shown by reason of the fact that there is no proof of an affirmative effort on their part to ascertain such name. The latest case before us in point is that of Kuykendall v. State, 36 S. W. (2d) 726, in which, upon rehearing, we said:

" 'The State not being able to identify the property as belonging to a known owner, it would be the property of an unknown owner, and would be covered by our statute authorizing the allegation that it was the property of an unknown owner.'

"Again, further on in the opinion, we said:

" 'In a trial for theft under an indictment charging that the owner of the alleged stolen property was unknown, it is deemed necessary to introduce such evidence as will justify the jury in concluding that in the respect mentioned the indictment speaks the truth as to the inability of the grand jury to know the owner and that in the county such cattle were stolen by the accused. See Wharton's Cr. Ev. 10th Ed., vol. 1, Sec. 97; Underhill's Cr. Ev. (3rd Ed.), Sec. 463; Jorasco v. State, supra. Under such an indictment proof of the guilt of the accused and the identity of the cattle may be made by circumstances; that is, by inference from proven facts. The acts, conduct and declarations of the accused are competent evidence bearing upon the issues.'

"Having no doubt of the fact that the evidence showed that the grand jury, which found the indictment, could not have ascertained the name of the party from whom appellant got the car in question, we hold that such facts sufficiently met the averment that the name of the owner was unknown, and the judgment of the trial court would have been affirmed."

In addition to the authorities above cited by Judge Lattimore, we quote the following as of assistance in arriving at his conclusions:

"This court has held, and still holds, that where the property is alleged to be in an unknown owner, and, during the trial of the case, the testimony suggests that the owner could have been known to the grand jury by reasonable investiga-

tion, and that investigation was not had, this would constitute a cause for reversal of the judgment on the ground of variance. * * * There is nothing to suggest that, by any possible investigation, the grand jury could have ascertained to whom the animal belonged; and not only did the witnesses testify as to a want of knowledge of the owner of the animal, but the defendant, in making his statement in regard to it, stated that he did not know to whom the animal belonged. If there had been a question, on the trial, that the owner of the animal might have been known, and, by proper inquiry, the grand jury could have ascertained that fact, then a failure on their part to do so would have constituted reversible error. Such is not this case, and that phase of the law was not an issue on the trial; and, in this respect, the testimony does support the conviction." Logan v. State, 36 Texas Crim. Rep., 1, 34 S. W. Rep., 925.

Appellant's motion to reinstate the appeal is overruled.

*Overruled.*