## BILL MATHIS v. THE STATE.

No. 19148. Delivered December 15, 1937.

The opinion states the case.

*G. H. Crane* and *Walter M. Kolleschnig,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for receiving stolen property, punishment being five years in the penitentiary.

The first count in the indictment charged appellant with the theft of an automobile from Rushing in Kaufman County. The second count charged that appellant received said automobile from some person unknown to the grand jury, knowing it to have been acquired by theft. Conviction was under the second count, the first not having been submitted.

Rushing lived in Terrell, Kaufman County, Texas. On the night of December 16, 1936, his automobile was stolen from his home in Terrell. He missed it the next morning. Some time in February, 1937, his car was found in West, Texas, in the possession of Klodginsky. The car had been repainted and the motor was not the same as was in the car when stolen, but the car was positively identified by the owner from certain pecularities and marks not necessary to enumerate.

Klodginsky testified that he bought the car from E. J. Jerabek on February 6, 1937, at which time Jerabek turned over to witness a bill of sale or transfer of said automobile purporting

to have been given by H. N. Palmer to appellant, Palmer's address appearing therein only as "1016 Edgefield," and his affidavit to the transfer purporting to have been taken before a notary public in Dallas County, Texas, dated December 22, 1936. Klodginsky also produced another transfer to him from appellant of the car, dated February 8, 1937, in which instrument appellant's address is given as 4143 Cole Street, Dallas, Texas, the affidavit of appellant having been taken before E. J. Jerabek, a notary public of McLennan County, Texas.

E. J. Jerabek testified that he lived in West, was a dealer in Dodge and Plymouth cars, and had been for four years, and had been in the used car business for twenty years; that he bought the car which he sold to Klodginsky from appellant on January 6, 1937, and appellant gave him a transfer of the car at the time witness bought it; that he had known appellant about eighteen months, and had no knowledge or suspicion that the car was stolen when he bought it.

Appellant was arrested on February 18, 1937, at which time the arresting officers found in his pocket a purported bill of sale or transfer to H. N. Palmer of the car in question, purporting to have been executed by Harry Rubin to said Palmer on December 16, 1936.

The State produced Harry Rubin who testified that he lived in Fort Worth, Texas, and was in the "auto wrecking business"; that he had known appellant under the name of H. N. Palmer for two or three months, and thought he was in the "used car" business in Dallas; that on December 17th, 1936, witness sold appellant—as Palmer—a "model A Ford motor, '30 model." The number of said motor was 3206738; that the sale was made at witness' place of business in Fort Worth; that witness had at other times also sold Palmer motors. Witness identified a bill of sale evidencing the sale of the motor to Palmer.

It may be stated here that the number of the motor, 3206738, sold to appellant under the name of Palmer was the motor in the car when found in Klodginsky's possession, and is the motor number appearing in all of the various bills of sale or transfers figuring in the case, but was not the number of the motor in Rushing's car when it was stolen.

Appellant appears to have used both the names of Bill Mathis and H. N. Palmer as it suited his convenience. When called to trial under the name of Bill Mathis he sought a continuance, setting up in the application therefor that in truth and in fact he bought the car from H. N. Palmer of 1016

Edgefield Street, Dallas, and paid for same; that he could prove by Palmer that the latter bought the car in Fort Worth and sold it to Mathis in Dallas. Appellant did not testify himself, but offered through the witness Klodginsky the bills of sale purporting to have been executed by H. N. Palmer to W. J. Mathis, and also the bill of sale from W. J. Mathis to Klodginsky. The State introduced that portion of the application for continuance above referred to.

From bill of exception number one it appears that appellant reserved exception to the court's refusal to give a special charge which would have told the jury unless they believed from the evidence beyond a reasonable doubt that appellant received the car in Kaufman County to acquit appellant, and that he could not be legally convicted if he received or concealed the property in Tarrant County or Dallas County. The prosecution was in Kaufman County, where the theft occurred. The court properly refused the charge in view of Art. 200, C. C. P. (1925), which provides that: "Receiving and concealing stolen property may be prosecuted in the county where the theft was committed, or in any other county through or into which the property may have been carried by the person stealing the same, or in any county where the same may have been received or concealed by the offender."

It is our understanding from such article that a prosecution for receiving or concealing may proceed in the county where the theft was committed regardless of where the property was received or concealed. Mooney v. State, 76 Texas, Crim. Rep., 539, 176 S. W., 52; Uhl v. State, 105 Texas Crim. Rep., 566, 289 S. W., 404.

The only other bill of exception in the record raises the question as to the sufficiency of the evidence, appellant's contention in that regard being based on two propositions; the first being that the indictment alleged that appellant received the car from some person to the grand jurors unknown, and that no evidence was introduced in support of said averment, hence the prosecution fails. There was no direct evidence offered on the subject. We pause here to observe that where such an allegation is made much the better and safer practice is for the State to make proof sustaining it by some grand juror, or the district attorney who was with the grand jury while they were investigating the matter, thus relieving the case of the question here presented. As supporting his first proposition appellant cites Moseley v. State, 36 Texas Crim. Rep., 578, 37 S. W., 736; Henninberg v. State, 72 S. W., 175;

McKay v. State, 49 Texas Crim. Rep., 120, 90 S. W., 653; Williams v. State, 69 Texas Crim. Rep., 163, 153 S. W., 1136; Moore v. State, 84 Texas Crim. Rep., 256, 206 S. W., 683; Ireland v. State, 100 Texas Crim. Rep., 496; 272 S. W., 181; Pannell v. State, 121 Texas Crim. Rep., 515, 51 S. W. (2d) 398. The Moseley and Henningberg cases appear not in point. In each of them the party was named from whom accused was charged with receiving the stolen property, and each case was reversed because no supporting proof was made. The McKay, Williams and Moore cases were reversed because the evidence showed that the grand jury knew, or could have ascertained by reasonable diligence the names of the parties from whom accused received the property, hence the averment that such person was unknown was not sustained. In neither the Ireland nor Pannell case is the point discussed which we regard as controlling in disposing of the question here.

Cases more nearly in point we believe are Logan v. State, 36 Texas Crim. Rep., 1, 34 S. W., 925; Clements v. State, 43 Texas Crim. Rep., 400, 66 S. W., 301; Kuykendall v. State, 117 Texas Crim. Rep., 571, 36 S. W. (2d) 726; Gilmore v. State, 109 S. W. (2d) 758. These authorities will be found to support the proposition that where it is averred that stolen property was received by the defendant from some person to the grand jury unknown, and during the trial the testimony shows that the party was known to the grand jury or could have been ascertained by reasonable investigation, which was not made, a reversal would be necessary because of a variance; but where nothing is developed on the trial to suggest that by any possible investigation the grand jury could have ascertained from whom defendant received the property it would show a prima facie case that the name of the party from whom defendant received the property was unknown to the grand jury, thereby supporting such averment in the indictment, and presenting no question of variance; and especially would this be true where the whole case shows that if the grand jury had been in possession of all the evidence developed on the trial it still could not have known from whom the defendant received the property. The principle announced seems applicable to the facts here present. Certainly it would have been silly for the grand jury to have said that Mathis received the car from Palmer in face of the proof that Mathis and Palmer were the same man. Equally unreasonable would it have been for the grand jury to have averred that appellant received the car from Rubin in face of the evidence that Rubin only sold him the

motor found in the car when it was recovered. So we conclude that circumstantially the averment in the indictment that the grand jury did not know from whom appellant received the car is sustained.

Appellant's second proposition that the evidence does not support the conviction is based on the contention that the evidence shows an unexplained possession of recently stolen property which might support a conviction for theft, but not for an unlawful receiving. Appellant relies on Sparks v. State, 108 Texas Crim. Rep., 367, 300 S. W., 938; Marquez v. State, 126 Texas Crim. Rep., 132, 70 S. W. (2d) 426; Murphy v. State, 130 Texas Crim. Rep., 610, 95 S. W. (2d) 133; Hagan v. State, 104 S. W. (2d) 857. Of course, the facts in each of said cases differ from those here found, and in some of them errors demanding reversal were mentioned not involving the question now before us. The conclusion may be drawn from said cases that where the evidence shows nothing more than an unexplained recent possession of stolen property the case will be one of theft rather than a receiving of the property. Cases have arisen in which the facts developed are such that they would support a conviction for either offense—not both, of course,—and we are inclined to the view that such a situation is presented in the present record. It is shown that appellant was understood by Rubin to have been engaged in the used car business in Dallas under the name of Palmer, and that as such latter person he purchased from Rubin the motor which was in the Rushing car when it was found. The inference was warranted that appellant changed the motor in the car and changed its outward appearance by a repaint job, or that these things were done under his direction. While appellant did not testify to a purchase of the car, it is apparent from his application for continuance which was in evidence, and the other circumstances proven, that he was attempting to explain his possession of the car by purchase. One contributing fact to his undoing was the presence of too many purported transfers to himself. Upon the facts Gilmore v. State, 109 S. W. (2d) 758, is quite similar. We believe that under all the circumstances the jury was warranted in the conclusion that appellant was the receiver of the car, the manipulator of the changes to disguise it, and the disposer of it, rather than the actual thief. However, had the count charging theft been submitted and conviction been for that offense we would have hesitated long before basing a reversal on insufficiency of the evidence to

support the latter charge.  See Houston v. State, 47 S. W., 468.
The judgment is affirmed.

*Affirmed.*