# JOHN JOWERS V. THE STATE.

No. 21170. Delivered November 13, 1940.
Reheading Denied December 18, 1940.

The opinion states the case.

*Wolfe & Massie,* of Corpus Christi, and *L. D. Griffin,* of Alice, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was given a penitentiary sentence of two years in Kleberg County on a charge of receiving and concealing stolen property of the value of more than $50.00.

The property involved consists of seventeen joints of oil well pipe. It is shown by the record that this amount of second hand pipe had been stolen from Humble Oil & Refining Company after it had been pulled from an abandoned oil well and stacked on the lease with fifty one other joints of the same kind and character of pipe. It is alleged in the second count of the indictment that the appellant unlawfully and fraudulently received such property from a person whose name is unknown and that he fraudulently concealed it, said property having been acquired in such a manner that the acquisition of it comes within the meaning of the term theft, and that the said John Jowers then and there received and concealed said property knowing the same to have been so acquired.

The State relies upon circumstantial evidence for a conviction, and it is essential to a proper understanding of the various questions raised, including one attacking the sufficiency of the evidence, to summarize the evidence introduced. Appellant did not testify and it is our conclusion that the evidence which he did place before the jury but slightly contradicted any of the evidence relied on by the State.

At the time the sixty-eight joints of pipe were taken from the abandoned well they were stacked on a lease, measured and listed and were painted with a black paint especially used by the Humble Oil & Refining Company. These joints of pipe were seven inch outside dimension, twenty-four pound, seamless pipe, threaded with eight rounds to the inch in what is known as "V" thread. This size and weight of pipe is common to the oil fields of this country, but the "V"-type, eight rounds of thread to the inch has been superseded during the last ten or twelve years by a rounded thread, ten rounds to the inch. In that particular section of the state it was not a common thing to find pipe with this thread, so that none of the witnesses knew of or had seen any, other than that which belonged to the Humble.

On about May 15, 1939, the superintendent of the properties of the Humble Company in this district desired to move the pipe for use at another place and when he sent for the same it was discovered that seventeen joints of the pipe were missing. They checked the pipe remaining on the ground against the list which

had been placed in the inventory of properties and thereby determined the length of each joint that was missing. It is not essential here to give the length of each joint, but it will be sufficient to say that they varied from 19 feet 5 inches to 29 feet 3 inches in length. In only two instances do we find two joints of exactly the same length. The total length of the seventeen joints of pipe which were missing was 416 feet. Just how long the seventeen joints of casing had been missing when the fact was discovered was not known.

On about March 30, 1939, the appellant approached a dealer of second hand casing in Mirando City, Texas, more than 100 miles away, and proposed to sell him some seven inch casing. After some negotiation the purchaser agreed to buy. He went away and then came back with the casing loaded on a Ford truck with a party who claimed to be the owner and went under the name of Lee Cooper, who also represented himself to be in business with his brother under the firm name of Cooper & Cooper at Port Arthur, Texas. He also gave their street address. The pipe was sold and check made to Cooper & Cooper for $209.50, the sale price which was calculated at fifty cents per foot. The purchaser was asked to endorse his check so they could get it cashed and they did do so in a nearby town. The appellant was known to this purchaser, who was a witness in the case, with whom he had had other dealings, but the man by the name of Lee Cooper was unknown.

The evidence details considerable search for Lee Cooper and for the firm of which he claimed to be a member. They were not found at the street address given, nor in the town, and were unknown to the witnesses who testified.

The sheriff of Nueces County, a representative of the Humble Company, and others making a search for the lost property, visited Mirando City and called on the purchaser of this pipe who gave them the information that he had purchased 419 feet of pipe from appellant on the 30th day of March and, upon comparing the list, found that they checked in size and kind and number of joints. The measurements were almost identical to that listed by the Humble Company as being missing, some of the joints varying but a few inches. All of this pipe, however, had been sold to a customer, who had used sixteen joints of it in a well. Upon going to the premises of this customer the representative of the Humble Company observed one joint of unused casing and identified it immediately. They scraped some of the paint off of this pipe, placed it in an envelope and sealed it and

then scraped some of the paint off of another joint of the stack from which it is claimed that these were taken. A chemical analysis showed the paint to be the same. The thread was the same. This constitutes the principal evidence upon which the witnesses based their testimony identifying the pipe that was purchased by the dealer in Mirando City from appellant.

It is shown by other witnesses that some time prior to or about the date of the sale of the pipe by appellant he was in the vicinity of the Humble's property in Kleberg County, and loaded and hauled some drill stem for a party. At the time he sold the pipe the bookkeeper took the number of his truck, which proved to be the one belonging to appellant.

There were other circumstances in the case connecting appellant with the possession and sale of the seventeen joints of pipe at Mirando City, and also to show his presence in the vicinity of the Humble property in Kleberg County, but the evidence upon which the witnesses testified identifying the pipe has been fairly stated. It is easy to conclude that the jury was warranted in returning a verdict under this evidence against appellant.

Appellant brings seventeen bills of exception, the first of which complains that the appellant was forced to trial less than two full days after his arrest. The bill presented on the subject was refused by the court and was by him qualified. The court then prepared and filed in the record his own bill, to which appellant excepted, but we find no bystander's bill to take the place of the one presented by the court. As presented, the court's bill shows no error.

Bill No. 2 complains of the action of the court in permitting the sheriff to testify that he knew Mr. O. A. Cook and knew his official position with the Humble Company; that he is field man out there for the Humble Company and that he had the pipe in question in his possession. This evidence is objected to on the ground that it was a conclusion of the witness and hearsay. Certainly the witness had a right to say that he knew Mr. Cook and, if he knew, he had a right to say that he knew his official position with the Humble Company. He had a right to state that he was field man for them. He may testify to the other facts if he knew them. The bill complains of more than one statement, but does not set out which one the objection relates to. It is, therefore, defective.

Bills Nos. 3, 4 and 6 objecting to other testimony by the

same witness are defective for the same reason. (Branch's Annotated Penal Code, page 135, Sec. 211, and authorities there cited.)

Bill No. 5 relating at length to the testimony of the same witness includes a great many statements made by him, some of which he undoubtedly had a right to make, and the objection does not point out the part complained of.

Bill No. 7 complains of the admission in evidence, over appellant's objection, of testimony by T. J. Tilly to the effect that the pipe missing was seven inch O. D. The objection was based upon the failure of the indictment to fully describe the pipe and to give the name by which it was commonly known. This is not necessary to the validity of the indictment. If the pipe had been thus described, it would have been incumbent upon the State to make the proof, but where the indictment does not go into so minute description of the article alleged, the State may, nevertheless, prove such description, particularly where, as in this case, it becomes necessary to identify the missing article, and the act of the State in so doing does not constitute a variance from the indictment. (Branch's Annotated Penal Code, page 1312, Sec. 2424. Also Sec. 498, page 256. Texas Jurisprudence, Vol. 41, page 114, Section 72, and authorities there discussed.)

By bill of exception No. 8 complaint is made of the evidence of the witness T. J. Tilly to the effect that he listed the pipe from which it is claimed the stolen joints were taken on October 30, 1938. He further identified the list presented and from it checked those that were found missing on May 15, 1939. The objection is made on the ground that the record being nearly two years old is obsolete. Had the article in question been one of a perishable nature, or one which would in that period of time have materially changed its descriptive qualities there would be something in the objection for consideration, but in view of the nature of the article in question we see no force to it whatsoever. The evidence is to the effect that it had been in possession of its owner and, that being true, the inventory would not be obsolete at any period of time within the life of the article

By bill of exception No. 9 complaint is made of the introduction of the tally sheet showing the lengths, size and weight of the sixty-eight joints of pipe in question, the only variance from the evidence being based on the assertion that the other evidence shows the pipe to be twenty-six pound weight. We do not so understand the evidence, as it is specifically stated that

the joint of pipe recovered was twenty-four pound weight per foot and is identical with that shown in the instrument.

Bill No. 10 raises several objections and we are unable under the rules to consider it.

Appellant's bill of exception No. 11 copies and includes several excerpts from the testimony of Archie G. Long which embraces many different statements and this is all objected to. It cannot be said that it is all inadmissible and we are, therefore, unable to consider the bill.

Bill of exceptions No. 12 copies and sets out at length the testimony of Mr. Bynum. The objection then says that the form of the questions and the manner in which they were asked pertain to other and different transactions to that for which the defendant was being prosecuted at the time and were not germane to the issue in this case. We have read this evidence, much of which is not subject to any objection. The form of the questions complained about is not discussed and we are unable to understand just what appellant was objecting to. The bill, therefore, cannot be considered under the rules.

Bill No. 13 complains of the statement made by J. H. Arnette to the effect that he examined the contents of the two envelopes exhibited to him and that they were in the same condition as when he received them, except that they had been opened. The bill then sets out that these envelopes had written matter all over them which constituted ex parte statements; that they were hearsay and inflamatory and highly prejudicial to the rights of the defendant, and further that they were not shown to be the same identical envelopes and contained the same matter which the chemist said he analyzed, and that he did not state that he analyzed the contents of these envelopes; that they were not in the same condition as when the witness received them; that they had been opened and still are. We are unable to understand the application of these objections to the questions asked, as the bill does not contain sufficient information to permit the court to consider all of the objections raised.

Bill of exception No. 14 is like many of the others heretofore discussed, fatally defective because it is duplicitous.

Bill No. 15 complains of the admission in evidence of an instrument in writing purporting to contain the statements made by appellant voluntarily before the grand jury. The bill does not contain this instrument or its contents or any part thereof. The attorney's objection, however, is based on his

claim that it was of and concerning a statement given before the grand jury in August, 1939, in connection with another and different transaction, and at a time when the grand jury did not indict appellant on the offense for which he was on trial. Further, the objection says that the statements in the instrument were very inflammatory and highly prejudicial to the rights of defendant. The court overruled the objections as made and we are unable to say whether he was right or wrong in the absence of something in the bill showing just what the statement was that appellant was objecting to. There is nothing before this Court for consideration.

In bill of exception No. 16 it is indicated that a discussion took place in the court room in the presence of the jury relative to the admission of the writing which purported to include statements made by appellant before the grand jury, at which time the prosecuting attorney is quoted as saying: "The grand jury did indict the defendant and they indicted him on a case exactly similar to this case, the same state of facts, the same pipe and the same charge."

Objection was made to this statement, and the court instructed the jury not to consider anything that the lawyers were saying. We recognize the fact that such statement made by the district attorney might have been injurious and highly improper, yet, we cannot write into a bill something which it does not contain, and there is nothing to give the circumstances under which it was uttered nor to negative the presumption that it was made in response to something that was said by appellant's attorneys. The bill does nothing more than declare an error has been committed. It by no means places before us something which we are able to properly appraise.

Defendant's bill of exception No. 17 complains of the introduction in evidence of a statement made by appellant to the grand jury as identified by the county attorney, who had been properly sworn as a witness. The bill does not purport to give the complete statement, and the portion introduced in evidence presents nothing harmful to appellant, but is rather an exculpatory statement voluntarily made by appellant and which, if true, would tend to exonerate him. This was harmless.

We find no error in any of the bills which we are able to consider. The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant in his motion for a rehearing reasserts every complaint which he urged for a reversal of this case on the original submission. We have again carefully reviewed the record without being convinced that we erred in our original opinion and we see no need for entering upon a further discussion of the questions presented.

We are still of the opinion that the pipe in question was sufficiently identified by circumstances to justify the jury's conclusion that the pipe recovered was the same pipe taken from Mr. Cook without his consent.

Appellant now contends that since he was charged in one count of the indictment with theft of the pipe in Kleberg County and in the second count with knowingly receiving and concealing the stolen pipe in Nueces County and the jury having acquitted him of the theft of the pipe, he could not legally be tried and convicted in Kleberg County for said offense because there was no proof that he was ever in Nueces County. Under the provisions of Art. 200, C. C. P. appellant could be prosecuted either in the county where the pipe was stolen or in any county through which it was carried by the thief or in the county where it was received and concealed. See Mathis v. State, 133 Texas Cr. R. 367, and cases there cited. Consequently his contention is without merit.

We therefore overrule the motion for a rehearing.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.